## THE PEOPLE *a.* MONNAIS.

*Supreme Court, First District; General Term, March,* 1864.

CERTIORARI. — RETURN. — RAPE. — UTMOST RELUCTANCE. — REQUEST TO CHARGE.—ACTS OF ACCOMPLICE.—ORDER OF PROOF.

A certiorari issued under 2 Rev. Stat., 736, § 27, which requires the district attorney to sue out the writ when judgment shall have been stayed upon any indictment, brings up the indictment as well as the exceptions.

Evidence of acts and declarations by an accomplice, in the absence of the principal, is properly received, if followed by evidence of complicity sufficient to be submitted to the jury.

*So held,* on the trial of a prisoner for a rape, for which he had been indicted jointly with the accomplice.

A prisoner tried for rape is not, in all cases, entitled to a direction from the court that he cannot be convicted unless the prosecutrix used the utmost reluctance in respect to the commission of the offence. The request should be qualified, so as to include the circumstances under which the offence was committed, such as threats, intimidation, or fears of the prosecutrix.

Where, on the trial of an indictment, evidence of the acts and declarations of a third party had been admitted against the prisoner, with proof of complicity on his part sufficient to be submitted to the jury,— *Held,* that the prisoner was entitled to an instruction from the court that he could not be held accountable for the conduct of the third party, except so far as their acts were in complicity.

Certiorari to the Court of General Sessions.

The prisoner, Jacques Monnais, was convicted, in September, 1863, of a rape upon the person of one Margaret Lyons. The

prisoner was indicted, together with one Mluer, in favor ot whom, before the trial, a *nolle prosequi* was entered. At the trial, the prisoner's counsel had requested the court to charge, "That the jury cannot convict the defendant, unless they are satisfied, from the evidence, that the utmost reluctance was used by the prosecutrix to prevent the commission of the offence." The court refused so to charge, and an exception was taken. An exception was also taken to a refusal to charge as follows : "That the prisoner cannot be held accountable for the conduct of this man, jointly indicted with him, Brown or Mluer, independent of any complicity between that Brown and the defendant, that was drawn into the case." Exception had already been taken to the admission of evidence of Mleur's acts and declarations during the absence of the prisoner. The testimony of the prosecutrix was substantially that Mluer decoyed and forced her into a house of prostitution kept by Monnais, had carnal knowledge of her against her will ; that subsequently, by restraint of her liberty, force, and threats of taking her life, and drawing a knife, the prisoner overpowered her resistance to him. The return to the writ of certiorari did not set out, or profess to set out, the indictment in full, although it was averred, by the return, that an indictment was found, and a paper, consisting of a portion of an indictment, was returned with the usual indorsement, "A true bill, &c.," and the record of a plea "Not guilty."

*J. Kennedy Furlong* and *Edmond Blankman*, for the prisoner.—I. The paper returned to this court as the "indictment," is no indictment at all ; it nowhere appears that the accusation, for we cannot style "this paper" an indictment, ever originated in a grand-jury room ; it nowhere states the style of the court, the time nor the place of its meeting, nor the time nor place where the "accusation" was found, nor that it was found by any grand-jurors. These omissions are matters of substance, and fatal (McClure *a.* State, 1 *Yerg. Tenn. R.*, 260 ; Reeves *a.* The State, 20 *Ala.*, 33 ; *Wharton's Cr. L.*, 4th ed., §§ 219, 220, 222) ; and particularly when they appear upon a return to a writ of certiorari, coming from an inferior to a superior court. (People *a.* Guernsey, 3 *Johns. Cas.*, 265 : 1 *Saund.*, 309 ; 2 *Hale*, 165 ; *Bac. Ab., Indictment.*)

The People *a*. Monnais.

II. The judge erred in allowing the prosecution, on the trial of this cause, to give the declarations and acts of Mluer, made in the absence of Monnais, in evidence against the defendant Monnais, because no proof had been given to establish any agency or combination between Mluer and the prisoner. (11 *East.*, 585; 1 *Phillips' Ev.*, 205.) The common design must be first shown. (People *a*. Parish, 4 *Den.*, 153; Williamson *a*. The Commonwealth, 4 *Gratt.*, 547; The State *a*. Simons, 4 *Strobh.*, 266; Regina *a*. Mears, 1 *Eng. L. and Eq.*, 581; Hardy's Case, 24 *How. St. Tr.*, 704.)

III. The learned judge erred in refusing to charge, as requested by the prisoner, in regard to the reluctance used by the prosecutrix to prevent the commission of the offence. (People *a*. Morrison, 1 *Park. Cr. R.*, 644; People *a*. Abbott, 19 *Wend.*, 192.)

*A. Oakey Hall*, for the people.—Nothing appertaining to the record can be argued at bar, because the case is here on bill, with a stay, and under writ of certiorari. Therefore, only exceptions to evidence and to charge can be argued. If the indictment is wrong, no point of its incorrectness can now be made, because not taken upon the trial, and not apparent in bill of exceptions; neither can matter affecting the verdict, because all these will arise, should a writ of error be hereafter brought, and after judgment has been given, and after the record has been made up. The judge properly refused to charge as firstly requested. 1. The request was limited by the word " utmost." 2. Counsel take the risk of the verbiage of their requests. If defective in part, a request is wholly defective. 3. How much reluctance is to be used by a girl during rape depends upon the circumstances of each case. In this case, prisoner threatened her life with a knife. She was in his own house. The windows were barred. Yet prisoner asks the judge, as an abstract proposition, isolating it from specific facts, to charge that she should have " used" the "utmost" reluctance. 4. The judge had charged in these words: " The simple question that you are to determine is, whether this man forced this girl against her will."

LEONARD, J.—This case comes before the general term on certiorari to the Court of Sessions, prosecuted by the district attorney under the provisions of the statute. (2 *Rev. Stat.*, 736.)

The certiorari brings up the indictment as well as the bill of exceptions. (§ 27.)

On referring to the record in this court, attached to the return from the Court of Sessions, the indictment appears to have been found by the grand-jury, and the objection urged by the defendant's counsel in that respect is not founded in fact.

Exceptions were taken at the trial to the admission of evidence respecting the acts and declarations of Mluer or Brown, when Monnais was not present. Mluer or Brown had been indicted jointly with Monnais, but a *nolle prosequi* had been entered as to him before the trial of Monnais.

There was sufficient evidence, before the case was submitted to the jury, to warrant the conclusion that the two were acting in combination when the offence was committed. The objection related only to the order of proof. The admission of the evidence objected to appears to have been fully warranted.

The counsel for the defendant requested the judge to charge the jury, in substance, that the prisoner could not be convicted unless they were satisfied that the prosecutrix had used the utmost reluctance in respect to the commission of the offence.

The "utmost reluctance" would require resistance while life or the power to act remained. The request makes no allowance for threats or intimidation used by the prisoner, or for the fears by which the prosecutrix may have been overcome. The request should have been qualified, so as to include the circumstances under which the alleged offence was committed.

The request, in the form it was put, was unauthorized.

The language of Judge Harris, in the case of The People *a.* Morrison (1 *Park. Cr. R.*, 644), so much relied on by the defendant's counsel, is very natural and appropriate in the connection where it occurs, and would not probably be generally misunderstood. It is not sufficiently precise, however, for a charge to a jury without some modification.

The judge, in the case before us, had previously instructed the jury, very properly, that the question for them was, whether the defendant forced the prosecutrix against her will.

Counsel for the defendant also requested the judge to charge the jury that "the prisoner cannot be held accountable for the conduct of the man jointly indicted with him, Brown or Mluer, independent of any complicity between that Brown and the de-

fendant that was drawn into the case." The language of the request is exceedingly obscure, but I understand it to be, in substance, that the prisoner cannot be held accountable for the conduct of Brown or Mluer, except so far as their acts were in complicity.

There can be no good reason, that I can discover, for refusing to charge substantially as the counsel for the defendant here requested.

All the evidence tended to show that the two were acting in concert, and I am unable to see any evidence from which the jury could arrive at a contrary conclusion. It is not the duty of the judge, however, to assume that the acts of the two were in complicity. The fact was within the province of the jury, and I think it was error to withdraw it from them, as he in effect did by refusing to charge as requested. For this reason, I am in favor of setting aside the verdict and directing a new trial at the Sessions.

CLERKE, J., concurred.

SUTHERLAND, J.—I dissent from the conclusion at which Judge LEONARD has arrived. The last request to charge is so obscure, that I do not know what the prisoner's counsel meant by it. I do not know what he meant by the words, "independent of any complicity between that Brown and the defendant which was drawn into the case."

New trial granted.