ELIZABETH ORMSBY, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

To make the acts and declarations\of an alleged confederate competent evidence against a prisoner, such evidence must be given as to prove *prima facie* that the two had conspired together to commit the offence charged or as to make that question one proper for the determination of the jury.

Plaintiff in error and two others entered a store and went to the shawl department. Plaintiff in error inquired for cheap woolen shawls, examined and purchased one. The other two meanwhile inquired for India shawls; one of them took a shawl, concealed it about her person, and the two immediately left the store; they were followed and stopped. The companion of the one who took the shawl went hurriedly back and whispered to plaintiff in error. The latter was immediately asked if she knew the other two; she answered that she did, and that she came into the store with them. *Held*, that this was not *prima facie* evidence of a conspiracy between the three, and was insufficient to authorize proof of the acts and declarations of the two after they left the store.

Also *held*, that the refusal of the court to charge that the failure of the prisoner to introduce proof was not to be considered by the jury, was error, as it did not appear that, if innocent, she had it in her power to produce evidence controverting or explaining the testimony against her.

A failure to give evidence of good character cannot be considered by the jury as a circumstance against the accused.

(Argued September 24, 1873; decided September 30, 1873.)

ERROR to the General Term of the Supreme Court in the first judicial department, to review judgment affirming judgment of the Court of General Sessions, in and for the city and county of New York, entered upon conviction of plaintiff in error of the crime of grand larceny.

The offence charged was the stealing of an India shawl from the store of James McCreery & Co., in the city of New York. The prosecution claimed that the shawl was taken by a confederate of the prisoner; the latter being present and aiding and assisting. The facts are sufficiently stated in the opinion.

In summing up, the district attorney commented upon the failure of the prisoner to produce any explanatory evidence.

The prisoner's counsel requested the court to charge that any neglect on the part of the prisoner to produce evidence was a subject-matter which the jury could not consider. The court declined so to charge, and the counsel for the prisoner excepted.

*A. Oakey Hall* for the plaintiff in error. The court should have first compelled the prosecution to prove common criminal design between plaintiff in error and the person who took the shawl. (1 Greenl. Ev., § 3; *People* v. *Bennett*, 49 N. Y., 144.) It was error to allow the declarations and acts of the person who took the shawl and her companion, after they left the store, to prejudice the case of plaintiff in error. (1 Wharton [last edition], § 803; 3 Greenl. Ev., § 94.)

*Benjamin K. Phelps*, district attorney, for defendants in error. There was no error in the judge's charge as to the neglect of the accused to produce evidence. (*Gordon* v. *People*, 33 N. Y., 508, 509.)

Grover, J. If the plaintiff in error was present aiding and assisting in the perpetration of the larceny, she is equally responsible therefor as her confederate, who actually took and carried away the shawl. (1 Chitty Cr. Law, 256; 1 Hale's Pleas, 440; 1 Bishop's Cr. Law, 5th ed., 648; 1 Wharton's Cr. Law, 129.) To make the acts and declarations of the alleged confederate competent evidence against her, it must be proved *prima facie*, or such evidence given as to make the question one proper for the determination of the jury, that she had conspired with the confederate to commit the offence. (Greenleaf's Ev., vol. 1, § 3.) One question is whether such evidence was given in this case. It was proved that McCreery & Co. kept an extensive dry goods store in the city, having a large quantity of silks, shawls and other dry goods which were retailed to numerous customers; that these goods were kept in separate departments upon the same floor; that the plaintiff in error came into the store in company with two other women; that the three went first to the silk department, but

immediately turned and went to the shawl department, and one of them said they would look at some shawls; that the plaintiff in error went to that part where cheap woolen shawls were kept and the other two to where valuable India shawls were kept, a distance of eighteen or twenty feet from the former place; that a clerk exhibited some woolen shawls to the plaintiff in error, and another some India shawls to the two others; that while the two were looking at the shawls, one of them took one and concealed it, and immediately the two went out of the store carrying the shawl so taken. During this time the plaintiff in error examined the woolen shawls exhibited to her and purchased one of them. The two women were followed out of the store and stopped, and one of them, not the one that took the shawl, went hurriedly back into the store and whispered to the plaintiff in error, but what she said did not appear. The plaintiff in error was immediately asked if she knew the other two, and she said she did; that she came into the store with them. There was no evidence tending to show that the plaintiff in error did anything unusual in negotiating her purchase, or resorted to any artifice to divert the observation of the clerk with whom she transacted the business, or any other person from the other women. It did not appear that she knew that any shawl had been stolen, or that there was any such suspicion by any one when the woman came back into the store and whispered to her, or what she said. This was all the evidence given by the prosecution tending to show any conspiracy between the plaintiff in error and the other two to commit a theft or any other crime, or that she was aiding and assisting in its commission, or had any knowledge of any such purpose of the others. The question is whether this was *prima facie* evidence of a conspiracy between the three. This question was material, as the court received evidence of the acts and declarations of the two women after they left the store and while in the street, to which an exception was taken. This evidence was not competent, unless the necessary proof of conspiracy was given. My conclusion is, that the proof was

not sufficient; it amounted to this, that the plaintiff knew them and came into the store with them; that the two professed a desire to purchase India shawls; that the plaintiff in error expressed a wish to purchase a cheap woolen shawl, which appears to have been true, as she actually made such purchase before she had any information that any theft had been committed. Her coming in company with the others, while well calculated to excite suspicion, was no evidence that she knew or suspected that they, or either of them, had any design to steal. Her so coming in was consistent with her entire innocency, and being so was not proof of guilt. (*The People* v. *Bennett*, 49 N. Y., 137.) Her purchase of the shawl tends to show innocence rather than the contrary.

There was error in the refusal to charge, as requested, that the failure of the prisoner to introduce proof was not to be considered by the jury. This failure can be taken into consideration by the jury when it appears that, if the accused is innocent, he has it in his power to produce evidence controverting or explaining the testimony produced against him, or some part thereof. (*The People* v. *Dyke*, 21 N. Y., 578; *Gordon* v. *The People*, 33 N. Y., 501, and cases cited in the opinion.) It did not so appear in the present case. It did not appear that the plaintiff in error, if innocent, could have shown how she came to enter the store in company with the others, or why she asked to be shown woolen shawls at the same time the others requested to be shown India shawls, except by her own testimony; and the statute, enabling persons accused of crime to testify in their own behalf, carefully provides that their failing so to do shall work no prejudice to them.

Failing to give evidence of good character cannot be considered by the jury as a circumstance against the accused. (*People* v. *White*, 24 Wend., 520.)

The judgment appealed from must be reversed, and a new trial ordered.

All concur.

Judgment reversed.