PATRICK FARRELL, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Evidence—when the acts and declarations of confederates are admissible against the principal.*

The acts and declarations of accomplices or confederates, though occurring in the absence of the principal, are admissible against him if there be sufficient evidence to establish, *prima facie*, a combination among them to commit the offense with which the principal is charged.

WRIT OF ERROR to the court of General Sessions to review the trial and conviction of the plaintiff in error of the crime of petit larceny.

The plaintiff in error, Martin McNally, Bernard Fallon, Lawrence Bowe, and Henry Muller, were indicted for larceny and receiving stolen goods, to wit: a quantity of cotton, the property of one George C. Hartick. The testimony showed that Farrell was a cotton sampler, that Fallon was employed with him, as also McNally; that while they were engaged in sampling the cotton, Farrell filled two or three bags with cotton, which were removed, some by him and some by others, to the saloon of one Meehan, whence they were taken by the defendant Bowe to his place of business, and that the defendant Farrell received from Meehan money in payment for the cotton thus taken.

*Wm. F. Howe*, for the plaintiff in error.

*Benj. K. Phelps*, for the defendant in error.

BRADY, J.:

The plaintiff in error was indicted for petit larceny in feloniously taking cotton. The offense consisted in his taking larger samples

of cotton from bales than was necessary, and selling the excess or surplus to one Lawrence Bowe. The testimony by which the people sought to demonstrate the guilt of the plaintiff in error was regarded by the jury as sufficient for that purpose, a conclusion which seems to be entirely justified by a perusal of it. The plaintiff in error had the benefit of a personal examination, and such denials and explanations as he was able to make. But they had not sufficient force to overcome the paramount circumstances arrayed against him.

The chief objection to the conviction was in allowing proof of the acts of persons joined in the indictment, of a character similar to that for which the plaintiff in error was on trial. These persons were assistants of the plaintiff in error in the sampling of cotton, which he was employed to perform, and were, according to the evidence, undoubtedly connected with him in the illegal purpose which he was attempting to carry out. In other words the evidence clearly showed that the whole party were engaged in this plan of stealing cotton, by which it was removed to a place named, and thence taken by the receiver to his own place of business, where payment was made for it by means of checks or memoranda given to them. There was sufficient evidence submitted to the jury to warrant the conclusion that these persons were thus acting in combination when the offense was committed. The offense was stealing cotton, in which they were all engaged. Under such circumstances the evidence of acts and declarations of accomplices, even in the absence of the principal, could be properly received, if followed by evidence sufficient to submit the case to the jury. The acts and declarations of confederates are admissible if there be any evidence *prima facie* sufficient to show a combination to commit the offense. (*People* v. *Monnais*, 17 Abb. Pr., 345; *Ormsby* v. *People*, 53 N. Y., 472; *Kelley* v. *People*, 55 Id., 566.)

We think that there is no apparent reason for disturbing the judgment, and it should be affirmed.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment affirmed.