By the Court.—Sedgwick, Ch. J.
In my opinion one exception taken will call for a new trial. The counsel for plaintiff asked the court to charge “that if the defendants here failed to produce witnesses that they could have done, who were in the employ of the contractors at the time of the accident, and who were present at the time of the accident, that that fact, the jury shall take into consideration in coming to a conclusion.” The court said, “That is a question the jury will consider for themselves,” and the exception was taken to this.
The court substantially charged that under the circumstances specified in the request, the jury were at liberty to consider the fact that the defendant had not called the witnesses referred to, as unfavorable to the defendant.
The case did not disclose that these witnesses were under the control of the defendants more than of the plaintiff, or more in their interest, or more easily reached by subpoena. Neither side had called them. So far as the contingencies mentioned in the request, were regarded, the fact of not calling the witnesses, bore against one side as much as the other.
An unfavorable inference to the defendant could not have been made by the jury until they had found, from an examination, of the rest of the case, that there was something which the defendant could have contradicted or explained by witnesses whom it appeared they had the power *377 to produce, and which uncontradicted or explained, tended to make a preponderance of evidence against them. If, irrespective of the testimony that might be given by the persons not called, the defendant had sufficiently met the plaintiff’s case, there was no reason for the defendants calling more witnesses. But the jury, under the charge, might have felt it their right or duty to consider that the defendants had not called the witnesses, without finding whether, irrespective of them, the defendant had fully met plaintiff’s case. If any fact had appeared, which though not conclusive in itself, was relevant to the charge against the defendants and went towards proving it, when it also appeared that the defendants had the power of disproving it, if it did not exist, or of explaining it, there would be such interest for calling the witnesses that the jury might consider their absence for what that should in their judgment, avail, when they inquired as to the whole case. The charge permitted the jury to use against the defendants the fact that they had not called the witnesses, irrespective of conditions (People v. Dyle, 21 N. Y. 578; People v. McWhorter, 4 Barb: 438; Gordon v. People, 33 N. Y. 501; Ormsby v. People, 53 N. Y. 475; Bleecker v. Johnston, 69 N. Y. 309).
I do not perceive any other exception which requires a new trial. On another trial one or two remarks that are scarcely erroneous, in the present trial, will no doubt be properly guarded.
If the exception did not call for a new trial, I would be forced to think that one should be ordered, for the excessive damages given. The amount of the verdict could hardly have resulted from a sober and unbiased deliberation as to the effect of the testimony on the subject. It is necessary only to allude to this.
Judgment reversed and a new trial ordered, with costs of appeal to abide the event.
Truax and Ingraham, JJ., concurred.