Daniels, J.
The defendant was charged in the indictment with having feloniously taken from the person of the complaining witness a watch, chain and locket, worth between $200 and $250. He was a passenger on a Third avenue car from Thirty-eighth street to Grand street. Just before he reached the latter street, he testified that he looked at his watch to ascertain the time, and that the Grand street car *13 going westerly was laden with passengers, having a number of persons on its rear platform. That he passed the ladies who were with him up the steps, and took his own station at the lower end of the rear platform. He rode in this position until he had passed about two blocks west of Broadway, when he was able to and did go inside the car, and take his seat by the ladies he was accompanying. He then desired to ascertain the time in order to know whether they would reach the station of the Pennsylvania Railroad before that assigned for the departure of the train, and discovered that his watch, chain and locket had been stolen.
From this evidence, it is quite clear that the jury had sufficient proof before them to support the- conclusion that the watch, chain and locket had been taken from him while he stood upon the rear platform of the car. Indeed, no other conclusion would be consistent with the evidence he gave, and which appeared to be entirely rehable. The necessary point for the determination of the case therefore is, whether the defendant was proven to have been implicated in the theft.
This witness stated that there were 'three persons standing on the rear platform, near the position taken by him, who pretty well filled up the space. One of these persons, who was the larger of the three, stood with his back against the witness, while the two others, he testified, were facing him, one on the same side of the platform, another to his left. His recollection was that a man left the car, and while doing so he was pressed very hard by the larger of the three men. That the three were pushed up against him apparently to give room to the man behind them to get off, and his testimony was: “ At the same time the man whose back was against me, pressed back against me and squeezed me severely, so that I was somewhat in danger of going over the rail. When the passenger had left the car, it was proceeding at the usual rate of a horse car, these three persons, including Sands and the man whose back was against me, and the other man that was facing me, got off the car while it was moving, substantially at the same time, as near as three men could get off a car while it was moving. While I was standing there, only these three men were near where they could touch my body. I observed the three men crowd up around me. They were all three against me, as I understood it.” He testified further in answer to the question : “You recollecting stating now in so far as you saw, Sands was never in a position where he could put his hand in your pocket.” (Answer.) “ I mean to say that that is not the fact; I mean to say that when they crowded against me, he was in such a position, but *14 when he wqs standing at the door he could no, have done it.” The witness"was positive in his testimony that Sands was one of these three persons. He added, upon that subject: ‘"If I had ttie slightest doubt m the world, I would not identify him. I would not testify. I have no doubt.” And he added further that, “ It was no longer than half a minute after the men left the car in this manner, that he discovered the watch to have been stolen.” The evidence was in no respect deficient in the w¡ay of presenting a case for the consideration for the jury.
The strong probability indicated by it is, that the watch, chain and locket were stolen by oné of these three persons, and that the other two were acting in concert with him at the time. Their position upon the platform of the car, the fact that they closed upon the complaining witness as the passenger was leaving the car, and the large man was pressing him against the rail, and the three left the car together when the watch had been taken, would leave very little room for doubt that the watch was stolen at the time the man was leaving the car, and when it was taken, these three person having accomplished their object, left the car together.
It would be difficult to make out a stronger case by circumstances than that which was presented by those to which the witness testified in the course of his examination.
For offenses of this description are most expertly committed. They are rarely detected or proved by positive evidence, but are dependent upon circumstances to establish and present them. There was no good reason for supposing that the witness had overstated any of the facts or the condition of the convictions resting upon his mind produced by them. His evidence was carefully given and the critical cross-examination pursued alternately by the different counsel for the defendant failed to weaken either of material statements made by him. The case is not affected by anything that has been said in Ormsby v. The People, 53 N. Y., 472, nor either of the other authorities which have been cited in the brief of the defendant’s counsel. What was essential in this as in all other criminal cases is, that the evidence should be such as to produce in the minds of the jurors a conviction beyond a reasonable doubt that the crime charged in the indictment had been committed, and that the accused was the person, or one of the persons by whose act it wás committed.
That is all that the law either does or reasonably can exact. If it required more, immunity would necessarily be given to crime, particularly to those of this discription. *15 They are skillfully as well as covertly committed and with one or more confederates. In submitting the case to the jury it was very carefully laid before them under the evidence for their consideration and the observance of all legal rules applicable to it, was enjoined upon their consideration as a solemn duty.
After hearing the testimony the jury concluded the defendant to be guilty. And it must be added that a reading of the testimony leaves no substantial reason for dissenting from their conclusion. No other question has been raised in the case than the sufficiency of the testimony to submit the case to the jury and sustain a verdict of guilty.
That it was sufficient not only appears from the entire-scope and direction of the evidence, but from the pointed statements of the witness which have already been extracted, from his evidence.
Both the judgment and the order should be affirmed.
Van Brunt, Oh. J., and Brady J , concur