## NICHOLAS STUTSMAN v. THE TERRITORY OF OKLAHOMA

(Filed July 30, 1898.)

1. CRIMINAL LAW—*Murder—Indictment.* Where the statute defines what constitutes murder, an indictment which clearly and concisely sets forth the crime in the language of the statute is sufficient; and it is not necessary to allege in the indictment that the pistol was loaded, or that the bullet came out of the pistol.

2. TRIAL—*Misconduct of Counsel—Error Waived.* Where error is assigned charging misconduct of counsel, but no objections are made during the progress of the trial, and no exceptions taken to any prejudicial statements or questions asked by the prosecuting attorney in the presence of the jury, and not presented to the trial court on motion for a new trial, they are considered waived, and cannot be reviewed for the first time by this court.

3. INSTRUCTIONS—*Error—Rule Applied.* In the trial of a criminal case, where the court instructs the jury that under the law the defendant's wife cannot be used as a witness against him, but he has a right to have her testify in his own behalf, and if the jury believe from the evidence that she was in such a position on the night of the alleged shooting of the deceased as naturally to know material facts in relation thereto, or in connection with the crime charged, such as the whereabouts, occupation, and condition of the defendant on said night, and further find that she was within reach of the process of the court, and able to take the stand and testify, then the failure of the defendant to produce her as a witness may be considered by the jury as a circumstance against him, and should be given such weight as, considered in connection with all the other facts and circumstances in proof in the case, you believe it entitled to receive. *Held,* that this instruction was prejudicial error.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before J. R. Keaton, District Judge.*

*Horace Speed* and *J. W. Johnson,* for plaintiff in error.

*Harper S. Cunningham, Attorney General* and *J. L. Brown,* for defendant in error.

Nicholas Stutsman was convicted of murder, and appeals. Reversed.

Opinion of the court by

HAINER, J.: The appellant, Nicholas Stutsman, was indicted by the grand jury of Pottawatomie county upon the charge that he had murdered one Aaron Haning, in said county, on the 2d day of July, 1896. The cause was removed to Oklahoma county, on change of venue upon application of the appellant, where he was tried and convicted for murder, and his punishment fixed by the jury at imprisonment at hard labor for life. Motions for new trial and in arrest of judgment were made and overruled. Judgment was rendered on the verdict of the jury, from which judgment the defendant appealed to this court.

The first error assigned by the appellant and presented in the brief of counsel is that the indictment was not sufficient. The indictment, omitting the caption, is as follows:

"At the December term, a term of the district court of the Third judicial district of the Territory of Oklahoma, held in and for Pottawatomie county, in the Territory of Oklahoma, at the town of Tecumseh, and begun on the 14th day of December, in the year of our Lord 1896, the jurors of the grand jury of said county, good and lawful men, then and there returned, tried, impaneled, sworn, and charged, according to law, to diligently inquire into and true presentment make of all public offenses against said Territory committed or triable in said county, upon their said oaths, in the name and by the authority of said Territory of Oklahoma, do present and find that in said county of Pottawatomie, in said Territory of Oklahoma, on the 2d day of July, in the year of our Lord 1896, the defendant, Nicholas Stutsman, did purposely, willfully, feloniously, and with malice aforethought, and without authority of law, and with a premeditated design then existing in the mind of the defendant to effect the death

of one Aaron Haning, then and there, with some kind of gun or pistol, which is to the grand jurors unknown, shoot a bullet into the head of him, the said Aaron Haning, and so inflicted and so made a mortal wound upon and in the head of the said Aaron Haning, of which mortal wound so inflicted upon him in manner and form and with the purposes aforesaid, the said Aaron Haning, on the 2d day of July, A. D. 1896, and in said Pottawatomie county aforesaid, did die, as was intended by defendant, as aforesaid, he should do; and so the grand jurors aforesaid, on their oaths aforesaid, do say and find that the defendant, Nicholas Stutsman, in manner and form aforesaid, did purposely, willfully, felonious'y, and with malice aforethought, and without authority of law, and with the premeditated design to effect the death of him, the said Aaron Haning, the said Aaron Haning kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of Oklahoma."

To this indictment the defendant demurred upon the ground that said indictment did not state facts sufficient to constitute a public offense. The objections urged against the sufficiency of this indictment by the counsel for appellant are that it fails to aver that the gun or pistol was loaded, or that the bullet came out of the pistol.

The indictment alleges "that the defendant, to effect the death of one Aaron Haning, then and there, with some kind of gun or pistol, which is to the grand jurors unknown, did shoot a bullet into the head of him, the said Aaron Haning, and so inflicted and so made a mortal wound upon and in the head of the said Aaron Haning." It is self-evident from this allegation that the bullet came out of the pistol, and that the gun or pistol was loaded. Much of the ancient strict-

ness which obtained in indictments and criminal practice has been relaxed in modern practice, and our statute clearly indicates the intention of legislation to discard those matters of form and technical exceptions which do not affect any substantial right of the defendant, but which only tend to embarrass and defeat the administration of criminal justice. Our Criminal Code requires only a statement of the acts constituting the facts in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.

It is difficult to understand how, under this indictment, the defendant could fail to be appraised fully of the exact crime charged against him, or how the omission to describe the manner in which the pistol was loaded, or that the bullet came out of the pistol, could deprive him of any right of defense affecting any substantial right. Where the statute defines what shall constitute murder, an indictment which clearly sets forth the crime in the language of the statute, an omission to allege that the pistol was loaded, or to aver that the bullet came out of the pistol, is not such a material defect that the indict ment will be set aside on the ground that it does not state facts sufficient to constitute a public offense. The indictment in this case contains every material and essen tial element constituting the crime of murder under our statute, and is, therefore, sufficient. We do not think the objections to the sufficiency of the indictment are well taken, and hence the demurrer was properly over- ruled. (*State v. Ellington*, [Idaho] 43 Pac. 60; *People v. Choiser*, 10 Cal. 311; *People v. Steventon*, 9 Cal. 274.)

The second objection urged by appellant in his brief

is misconduct by the prosecuting attorney, which prevented a fair and impartial trial. After a careful examination of the record, we fail to find that any objection of that character was made during the progress of the trial of the case in the court below. The record nowhere discloses that the counsel for the defendant made any such charge against the prosecuting attorney. The motion for a new trial does not raise the question. So far as the record of this court shows, it was never presented or called to the attention of the court below in any form; neither is it assigned as error in this court; and it is raised for the first time in this court, upon the brief and argument of counsel for appellant. It is a well-settled rule of law that errors committed by the trial court during the progress of the trial will not be reviewed on appeal, unless presented to the trial court for review by motion for a new trial. (*Peters v. U. S.* 2 Okl. 116, 33 Pac. 1031.) Hence, where no objections are made charging misconduct by counsel during the progress of the trial, and no exception taken to any prejudicial statements, or questions asked by the prosecuting attorney, in the presence of the jury, and not presented to the trial court on motion for a new trial, they are treated as waived, and will not be considered by this court.

The next error of which the appellant complains is that the trial court erred in giving instruction No. 8, which 's as follows:

"The court instructs the jury that under the law the defendant's wife, Betha Stutsman, cannot be used as a witness against him, but he has the right to have her testify in his own behalf, and if you believe from the evidence that she was in such a position on the night of the alleged shooting of the said Aaron Haning as naturally

to know material facts in relation thereto, or in connection with the crime charged, such as the whereabouts, occupation, and condition of defendant on said night, and further find that she was within reach of the process of the court, and able to take the stand and testify, then the failure of the defendant to produce her as a witness may be considered by you as a circumstance against him, and should be given such weight as, considered in connection with all of the other facts and circumstances in proof in the case, you believe it entitled to receive."

To the giving of this instruction the defendant duly expected at the time, and assigned it as error in this court.

Chapter 41, Sec. 29, of the Session Laws of 1895, amending section 5207 of the Statutes of 1893, provides "that neither husband nor wife shall in any case be a witness against the other, but they may in all cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other, except on a trial of an offense committed by one against the other."

The prosecution in this case placed Bertha Stutsman, wife of the defendant, upon the witness stand, to testify on behalf of the Territory. The defendant's counsel objected to the introduction of the testimony of Mrs. Stutsman, for the reason that she was the wife of the defendant, and therefore incompetent to testify without his consent, under the statute. The objection was sustained by the court, to which the Territory duly excepted at the time. The theory of the prosecution was that Mrs. Stutsman was not the lawful wife of the defendant, and that, therefore, she was competent to testify on behalf of the

Territory without the consent and over the objections of the defendant. It appears that the court found that she was the wife of the defendant and therefore not competent as a witness. Mrs. Stutsman not being a competent witness to testify against the defendant, the eighth instruction was erroneous, and should not have been given.

It was the province of the jury to decide the case upon the testimony before them, without reference to what the wife of the appellant might have testified if she had been permitted to testify. The fact that she was called, and not permitted to testify, except as to her disqualification, was not a proper and legimate subject for the consideration of the jury. It is true that as a general rule unfavorable inferences may be drawn against a party who fails to produce material and necessary testimony which is within his power to control, but this doctrine has never been applied and extended to cases where the law, on the grounds of public policy, has established privileges against being compelled to produce such testimony. The doctrine is well settled that where a party avails himself of his privilege to refuse to answer a question on the ground that the answer might criminate him, or fails to testify in his own behalf, no presumption can be raised against him by reason thereof. Under our statute it was the privilege of the appellant to introduce his wife as a witness in his own behalf or not, as he might determine. But he was not required by the law to offer her as a witness, and the Territory was prohibited from so doing by the express language of the statute. The statute does not contemplate, nor will it permit, that a husband or wife shall, directly or indirectly, be

coerced by others upon the witness stand to testify one against the other. The sanctities of the martial relation cannot be exposed to public scrutiny in a case like this, without the consent of the husband; and if for any reason he does not offer his wife as a witness in his own behalf it is no evidence against him, and should not be used as any evidence against him. If the failure of the husband to call his wife as a witness in his behalf is to be construed as evidence against him or even as a circumstance against him, his privilege and option which the statute expressly accords to him, would be absolutely annulled, and he would be compelled in all cases to produce her, or run the hazard of being convicted on an implied confession or admission, or to make explanations for not offering her as a witness, which may result in breaking down or impairing the great principles which protect and involve the sacred privacy of domestic life. (1 Greenl. Ev. Sec. 334; *Knowles v. Peoples*, 15 Mich. 408; *Johnson v. State*, 63 Miss. 313.)

Counsel for the prosecution, in support of his position, cites the case of *People v. Hovey*, 92 N. Y. 559. It is contended by the counsel for the prosecution that this case is directly in point, and is decisive of the question. We have carefully examined this authority, and, while the instruction given in that case by the trial judge was almost identical to the instruction in this case, the opinion expressly states that no exceptions were taken upon the trial by defendant, either to the rulings of the court or to the various propositions contained in the charge to the jury. In that case no exception was taken to the charge until after the trial, and when the prisoner was before the court for sentence. The court very properly

held in that case that, where an exception to a charge was taken after the trial had terminated, it presents no question for the consideration of an appellate court. The New York case is therefore simply dictum.

In the case of *Ormsby v. People*, 53 N. Y. 472, it was held that the refusal of the court to charge that the failure of the prisoner to introduce proof was not to be considered by the jury was error, as it did not appear that, if innocent, she had it in her power to produce evidence controverting or explaining the testimony against her. It was further held in that case that the statute enabling persons accused of crime to testify in their own behalf carefully provides that their failing so to do shall work no prejudice to them.

In the case of *Ruloff v. People*, 45 N. Y. 213, it was held that upon a criminal trial the presiding judge has no right, in charging the jury, to allude to the fact that the prisoner has not availed himself of the statutory privilege of being a witness in his own behalf, and it was further held in that case that where the prisoner failed to testify in his own behalf no inference should be drawn against him by reason of that fact.

In the case of *Bleecker v. Jackson*, 69 N. Y. 309, a civil action against co-partners upon an alleged contract of employment, where the plaintiff and one of the defendants were the only witnesses, and their testimony was directly in conflict, the court charged the jury, in substance, that it was the duty of the defendants to produce the other defendant as a witness, and, not having done so, that the jury might infer that his evidence would have been prejudicial to them. The court held that this charge was reversible error.

Strahorn-Hutton-Evans Com. Co. v. Florer & Bannerman.

Counsel also cited the case of *State v. Bartlet*, 55 Me. 200, in support of his contentions. This case is wholly inapplicable to the case at bar. However, the court, in referring to the fact that defendants had not testified in their own behalf in that case, expressly declared that: "The law presumes nothing concerning it. It is a matter of fact, and no legal inference or presumptions arise from it."

We therefore hold that the submission of instruction No. 8 to the consideration of the jury was error prejudicial to the substantial rights of the defendant, and for which this cause must be reversed. The judgment of the district court is reversed, and the cause remanded for a new trial.

All of the Justices concurring.