JEFF D. HEATLEY v. THE TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

1. APPEAL—Review—Instructions. It is a general rule of appellate practice that errors predicated upon instructions will not be considered upon appeal unless first called to the attention of the trial court. Objections based upon the giving of erroneous instructions cannot be raised for the first time on appeal.

2. CRIMINAL LAW—Indictment Sufficient, When. An indictment is sufficient which states the offense clearly and distinctly in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.

3. SAME. The modern rule of criminal pleading does not require the use of ancient forms, crude phraseology, prolix and abstruse expressions to accompany the averments in an indictment if the charge is set forth in plain, common sense English language, no greater particularity is required than is necessary to express the same fact in every day parlance.

4. CONTINUANCE—Absent Witnesses. If an error is committed in overruling a motion for continuance on account of absent witnesses, such error will not be available, if the facts to which the absent witnesses would testify are proven on the trial by other witnesses.

5. SAME. The granting of continuances is largely in the discretion of the trial court, and the overruling of an application for continuance will not constitute reversible error unless there has been such an abuse of discretion as results in a denial of a substantial right.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before C. F. Irwin, Trial Judge.*

*Cotteral & Horner, C. C. Wells* and *J. F. Carpenter*, for plaintiff in error.

*P. C. Simons, Attorney General*, for defendant in error.

Opinion of the court by

BURFORD, C. J.:  The plaintiff in error, Jeff D. Heatley, was charged, convicted and sentenced in the district court of Greer county, for the crime of shooting one R. Bell with a firearm, with the intent to kill the said Bell.  The prisoner appealed.

The first objection presented by counsel for the plaintiff in error is that the indictment does not charge a public offense.  There is some repetition and some surplusage in the indictment, but under sec. 2206, Wilson's Statutes, 1903, the material averments necessary to charge a public offense, are, "that in the county of Greer and Territory of Oklahoma on the second day of September, 1903, one Jeff D. Heatley did then and there intentionally, wrongfully and feloniously shoot one R. Bell with a certain firearm, to-wit, a shotgun, with the intent then and there and thereby to kill him the said Bell."  The indictment contains all this and more.  To hold that it was necessary that the indictment should aver that the shotgun was loaded with gunpowder and leaden bullets, and was had and held in the right hand of him, the said Heatley, and that it was shot off and discharged at and against the body of him, the said Bell, and other such ancient and unnecessary phrases, as are usually found in forms prescribed by Chitty and other law writers of the remote past, would be to do violence to those provisions of our criminal code which prescribe the requisites of criminal pleading.  By section 5357, Wilson's Statutes, 1902, it is provided that the indictment must contain, "A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended," and by section 5365, subdi-

vision 6, it is enacted, among other requirements, that the indictment is sufficient if it can be understood therefrom, "that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language without repetition, and in such manner as to enable a person of common understanding to know what is intended." That the allegations of the indictment come within these requirements cannot be seriously questioned. It charges that Heatley with a firearm, to-wit, a shotgun, did shoot the said Bell, thereby inflicting upon the body of said Bell certain gunshot wounds. It is a common and ordinary mode of expressing the fact, to say that one person "shot another." And when it is said that a man was "shot" or that one person "did shoot" another, every person of common understanding knows what is intended without explanation, and in order to set forth such fact in ordinary and concise language it is no longer necessary to express in words each component or elemental constituent embraced in the fact. The term "did shoot" embraces the weapon, the load, the discharge, and the act of discharging, and it is so meant and understood by courts, counsel, jurors, and witnesses, and why should more particularity or repetition be required in a pleading than is required to express the same fact in every day parlance? The law does not require it, and the necessity for following ancient and obsolete forms made up of repetitions, unnecessary particularization, and crude phraseology, if it ever existed, no longer prevails. (*Stutsman v. Territory*, 7 Okla. 490; *People v. Steventon* 9 Cal. 274; *People v. Choiser*. 10 Cal. 311.) The tendency of prosecuting attorneys to abandon prolix, abstruse and superfluous terms and phrases in criminal pleading is rather to be commended than condemned.

When the character of the "firearm" is designated, the manner of using it, the intent with which the act is done, and the person against whom the act is directed are averred in plain, common sense English language, the act charged as the offense is sufficiently pleaded, and the law requires no more.

The next objection is that the court misdirected the jury in its instructions. It is argued that there was evidence before the jury tending to reduce the crime charged to one of lesser degree, and that under the evidence and charge the defendant might have been convicted of assault and battery, or of shooting with a firearm with intent to injure, both of which offenses are necessarily included in the charge contained in the indictment, but the court instructed the jury that the verdict must be either guilty of shooting with intent to kill or acquittal on the ground of justifiable shooting. While it is true that there was evidence which would have warranted the court in instructing upon the lower degrees of crime embraced in the charge, yet counsel for the defendant did not object or except to the instructions given, nor present any requests for additional instructions. The position taken by counsel for defendant is: That while an appellate court will not reverse a judgment for nondirection of the jury where no request for instructions has been made, yet such court should reverse a case where the jury has been misdirected in the instructions given by the court, although no objections or exceptions were taken or saved. This proposition calls for the enunciation of no new rule of practice. The question has been frequently before the courts, and has almost universally met with the same determination. In the

recent work of Blashfield on Instructions to Juries, sec. 362, the author states the rule as follows:

"It is a general rule of appellate practice that errors predicated upon instructions will not be considered upon appeal, unless first called to the attention of the court below. Objections based upon giving or refusal of instructions cannot be raised for the first time on appeal. The reason of the rule is to give the trial court an opportunity to correct its own inadvertent errors, thus obviating the delay and expense of an appeal, and to prevent a party from speculating on the chances of a verdict in his favor, notwithstanding the error, knowing in the meanwhile that a verdict and judgment against him could be reversed. The reports abound in illustrations of the rule. * * * In this connection, a distinction must be observed between the *giving of* erroneous instructions and the *failure to give* correct and adequate instructions. In the former case the objection is sufficiently called to the attention of the trial court by a single objection and exception, and it is not necessary to request and submit a correct instruction to be given in place of the erroneous one. But in the case of a mere failure to give correct instructions covering the case, the error is not available on appeal in the absence of a request by the appellant for proper instruction."

In support of the rule that an objection to erroneous instructions cannot be taken for the first time on appeal the author cites authorities from the the courts of highest resort in Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mis-

souri, Montana, Nebraska, New Mexico, New York, North Carolina, South Carolina, Tennessee, Texas and Wisconsin.

This court has heretofore announced the same rule, in the cases of *Carter v. Mo. Mining and Lumber Co.,* 6 Okla. 11; *Everett v. Akins,* 8 Okla. 184; *Glaser et al. v. Glaser et al.,* 13 Okla. 394. The rule is so well settled and of such universal application, that appellate courts will not reverse a judgment even in a criminal cause for misdirection of the jury by the trial judge, in the absence of any objections or exceptions to the giving of such erroneous instructions, that we are content to give it our approval.

The further objection is made that the trial court erred in overruling the prisoner's application for a continuance. The absent witnesses mentioned in the application were most all persons whose testimony was desired for the purpose of establishing the character of defendant for being a peaceable, law-abiding man previous to the time of the alleged offense. If there was error in overruling the application for continuance the defendant did not suffer by such error. On the trial a number of his neighbors, some of whom had known him long before he came to Oklahoma, testified that they were acquainted with his general reputation for being a peaceable law-abiding man, and that such reputation was good. The credibility of these witnesses was in no way questioned, nor was any testimony offered by the prosecution to contradict them. The fact he desired to prove by the absent witnesses was as well established by those who testified as if he had used a great number.

It has been frequently held that the granting of continuances is largely in the discretion of the trial court, and a refusal to grant a continuance will not constitute a reversi-

ble error, unless there has been such abuse of discretion as to deny the defendant a substantial right.

We find no error in the record. The judgment of the district court is affirmed, and the judgment ordered carried into immediate execution.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.