## JOSEPH FLOWERS v. STATE.

No. A-205.    Opinion Filed November 23, 1910.

**SHOOTING WITH INTENT TO KILL—Indictment—Sufficiency.** The allegation in an indictment or information that the defendant shot at another with a pistol, by necessary implication avers that the pistol was loaded.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County; John H. King, Judge.*

Joseph Flowers was convicted of an assault with intent to kill and he appeals. Affirmed.

*Frank Pace, De Roos Bailey* and *Eck E. Brook,* for plaintiff in error.

*Charles West,* Attorney General, and *Smith C. Matson,* Assistant Attorney General, for the State.—Citing *Heatley v. Territory,* 15 Okla. 72.

RICHARDSON, JUDGE. The indictment in this case alleged that plaintiff in error, Joseph Flowers, on the 15th day of March, 1908, "intentionally, wrongfully, unlawfully and feloni-

ously did make an assault upon and shoot at one William B. Beam, with a certain pistol, with the felonious intent to kill him, the said William B. Beam, with the pistol aforesaid, which said pistol the said Joseph Flowers then and there had and held in his hand, the same being a deadly weapon."

To this indictment plaintiff in error interposed a demurrer on the ground that the facts stated were insufficient to constitute a public offense; his contention being that the indictment was fatally defective in that it failed to allege that the pistol was loaded. The demurrer was overruled and a trial had, resulting in a verdict of guilty. Thereupon plaintiff in error filed a motion in arrest of judgment, basing that also on the same alleged insufficiency of the indictment. The court heard the motion, overruled the same, and rendered judgment upon the verdict.

The case comes to us on a transcript of the record, and the only matter urged as ground for a reversal is that the indictment does not charge that the pistol with which plaintiff in error is alleged to have shot at the said Beam was loaded, and that such an allegation is necessary. It is contended that although the statute does not expressly so provide, yet the present ability to kill or injure is a necessary ingredient of the crime intended to be charged, and that facts showing such present ability must be averred and proved. The statute under consideration (Section 2307, Snyder's Comp. L. Okla.) reads as follows:

"Every person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, or in resisting the execution of any legal process, is punishable by imprisonment in the state prison not exceeding ten years."

It will be observed that this statute is separable into several subdivisions, each one describing a different act and defining the offense in a different form, and neither subdivision dependent upon

4 Cr.—21

or necessarily related to the other. The particular portion thereof under which this indictment was drawn reads as follows:

"Every person who intentionally and wrongfully shoots at another with any kind of firearm, with intent to kill any person, is punishable by imprisonment in the state prison not exceeding ten years."

The indictment in this case alleged explicitly that plaintiff in error intentionally and wrongfully did shoot at one William B. Beam with a certain pistol with the intent to kill the said Beam. The allegation is in the very words of the statute, and ordinarily that is held sufficient.

In *Clark v. State,* 106 Pac. 803, the indictment alleged that the defendant *attempted* to shoot another with a pistol; and it was there held that, under the statute, it was not necessary to allege that the pistol was loaded. That case is now pending on a motion for a rehearing; but however it may finally be determined, we think that the present case is clearly distinguishable from it. For, conceding for the sake of argument that the present ability to kill or inflict serious injury is an essential element of the crime as defined by the statute, and that it is therefore necessary to aver that the pistol was loaded, we think that this indictment charges that very fact and is sufficient even when tested by the rule which plaintiff in error contends for. In *Clark v. State, supra,* the defendant was charged only with *attempting* to shoot at another. The difficulty never progressed to the stage where a shot was actually fired; and it is easily conceivable how one might attempt to shoot at another with an unloaded gun, believing that it was loaded. But where it is averred, not that the defendant attempted to shoot, but actually shot at another with a gun, that is an affirmative allegation that he discharged a loaded gun at such other person. Webster's New International Dictionary defines the word "shoot" as meaning, "To let fly, or cause to be driven, with force, as an arrow, bullet or other missile, from a bow, sling, gun, or the like; to discharge." Section 6704 of Snyder's Comp. L. Okla. provides that the indictment is sufficient if "the act or omis-

sion charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." And Chief Justice Burford, speaking for the Supreme Court of the Territory, in passing upon this very question in *Heatley v. Territory*, 15 Okla. 72, 78 Pac. 79, said:

"It is a common and ordinary mode of expressing the fact, to say that one person 'shot another.' And when it is said that a man was 'shot' or that one person 'did shoot' another, every person of common understanding knows what is intended without explanation, and in order to set forth such fact in ordinary and concise language it is no longer necessary to express in words each component or elemental constituent embraced in the fact. *The term 'did shoot' embraces the weapon, the load, the discharge, and the act of discharging,* and it is so meant and understood by courts, counsel, jurors, and witnesses, and why should more particularity or repetition be required in a pleading than is required to express the same fact in every day parlance? The law does not require it, and the necessity for following ancient and obsolete forms made up of repetitions, unnecessary particularization, and crude phraseology, if it ever existed, no longer prevails. (*Stutsman v. Territory*, 7 Okla. 490; *People v. Steventon*, 9 Cal. 274; *People v. Choiser*, 10 Cal. 311.) The tendency of prosecuting attorneys to abandon prolix, abstruse and superfluous terms and phrases in criminal pleading is rather to be commended than condemned. When the character of the 'firearm' is designated, the manner of using it, the intent with which the act is done, and the person against whom the act is directed are averred in plain, common sense English language, the act charged as the offense is sufficiently pleaded, and the law requires no more."

The allegation that plaintiff in error "did shoot at one William B. Beam with a certain pistol" was a sufficient averment that the pistol was loaded; and sufficiently showed, if such a showing was necessary, that so far as the load was concerned he had the present ability to kill or injure. After one has discharged a pistol, his ability to do so at the time he did it is no longer a question; it is a demonstrated fact. It may be that plaintiff in error possesses the miraculous power of shooting an unloaded gun; but if he does, he is forbidden by the statute to exercise it upon, at or toward

his fellow man, especially with the intent to kill. Let the judg-- ment be affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.