No. 30,824.

THE ANCIENT ORDER OF UNITED WORKMEN, *Plaintiff*, v. CHARLES
F. HOBBS, as Commissioner of Insurance, *Defendant*.

(18 P. 2d 561.)

Opinion filed January 28, 1933.

*Edgar Bennett*, of Washington, *John J. Jones*, of Chanute, and *K. M. Geddes*, of El Dorado, for the plaintiff.

*Roland Boynton*, attorney-general, and *John G. Egan*, assistant attorney-general, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: This is an original proceeding in which plaintiff, a fraternal benefit society, seeks to compel the commissioner of insurance to approve a form of insurance certificate which it proposes to issue to members of plaintiff's fraternal society.

The defendant withholds his approval of the proposed certificate because it purports to bind the plaintiff irrevocably to a fixed schedule of assessments for such insurance. This form of contract is known in insurance parlance as the level-premium plan. The statute under which fraternal insurance societies are organized authorizes and contemplates that they may alter their rates and assessments as the exigencies of their business affairs may require.

The issue formed by plaintiff's application for a writ of man-

damus and the motion to quash lodged against it, is stated by plaintiff thus:

"Does a fraternal benefit society have the right to issue a benefit certificate or policy of insurance in which an unchangeable rate of cost may be specified and thereby bind itself so that such rate may not be increased during the life of the contract?"

In approaching this question counsel for plaintiff first advance the proposition that "if plaintiff does not have such right, then it is because it is prohibited by law," and they make the point that neither in plaintiff's charter nor in the pertinent statutes is the issuing of such a form of certificate forbidden. Such a method of approaching a question of corporation law is unsound. It is of no significance that no statute forbids the exercise of a power assumed by a corporation. Somewhere in the statute there must be an express or clearly implied grant of power to the corporation, or the power does not exist. In *Bankers' Union v. Crawford,* 67 Kan. 449, 78 Pac. 79, it was said:

"A corporation has only such powers as are expressly conferred upon it by its charter, or such as are necessarily implied therefrom, to enable it to carry out the objects of its creation. The exercise of all other powers by it is *ultra vires* and void." (Syl. ¶ 1.)

In *Scott v. Bankers' Union,* 73 Kan. 575, 85 Pac. 604, this elementary rule of corporation law was again applied:

"An incorporated fraternal insurance association, organized under a charter which does not expressly confer the power to issue promissory notes, has no implied power to do so, when such authority is unnecessary to enable the association to exercise the powers expressly given or to accomplish the purpose of its creation." (Syl. ¶ 1.)

As defined in its charter the corporate purpose of plaintiff is thus stated:

"The purpose for which this corporation is formed shall be the mutual benefit of the members of the Ancient Order of United Workmen of the State of Kansas, and for the purpose of insuring the lives of the members of that order in accordance with the rules and regulations thereof."

The chief provisions of statute for the governance of such societies are R. S. 1931 Supp. 40-701 to 40-725, the first of which reads:

"A fraternal benefit society is hereby declared to be such a corporation, society or voluntary association of individuals, formed or organized into a lodge system with ritualistic form of work, and shall be carried on for the sole benefit of its members and their beneficiaries, and not for profit." (R. S. 1931 Supp. 40-701.)

R. S. 1931 Supp. 40-704 provides that such a fraternal benefit society shall have a representative form of government, a constitution and by-laws, and shall make provision for the payment of benefits in case of death, and may make provision for other benefits of no present concern. The fund from which benefits shall be paid shall be derived from assessments, premiums and dues collected from its members. Such a society may create, maintain and disburse a reserve fund in accordance with its constitution and by-laws. This section also declares:

". . . Such society shall be governed by this article and shall be exempt from the provisions of other insurance laws of this state and any law hereafter enacted unless they be expressly designated therein." (R. S. 1931 Supp. 40-704.)

Among the powers granted to fraternal benefit societies are the right to adopt a constitution and by-laws and to amend them. (R. S. 1931 Supp. 40-702, 40-707, 40-708, 40-710.) The funds from which fraternal insurance benefits are to be paid must be derived from premiums, assessments and dues. (R. S. 1931 Supp. 40-702.) The term "premium" ordinarily relates to the stipulated periodical payment exacted from the holder of an insurance contract. Here, apparently, the word is a misnomer brought over from other articles of the insurance code in which it necessarily occupies a large place. Where the terms of a mutual insurance contract were under consideration, in *Hill v. Farmers Mutual Fire Insurance Co.*, 129 Mich. 141, it was held that "assessment" and "premium" were interchangeable words and meant the same thing. Be that as it may, its inclusion in this article of the insurance code which is devoted to the regulation of fraternal benefit societies does not warrant a construction that any less potency is to be given than heretofore to the terms "dues" and "assessments" long familiar in fraternal insurance law and practice.

What seems to be the controlling feature of this case inheres in the fact that a fraternal benefit society has the right to increase its rates of assessment so that it may raise enough money to satisfy the just claims of its certificate holders. With great tribulation on the part of such societies and with no small amount of misgiving on the part of the courts that right was eventually vindicated. (*Williams v. Insurance Union*, 107 Kan. 214, 191 Pac. 291; also, Anno.—Mutual Benefit Association—Raising Rates, 11 A. L. R.

644.) Now we are asked to say that a fraternal benefit society may disable itself to do the very thing it has been adjudicated that it can do so that it can live and function according to the benevolent purpose for which it was organized.

The plaintiff corporation operates not only under its charter and the pertinent statutes, but also under a constitution and by-laws of its own creation and which it may amend according to a procedure therein outlined. The benefit certificate which plaintiff seeks to have approved by the commissioner of insurance provides, in effect, that as between the plaintiff and the holder of such certificates the right of plaintiff to amend its constitution and to impose and collect whatever premiums, assessments and dues are necessary to enable it to live and function in accordance with the chartered purposes of the plaintiff shall not exist.

It seems to us that to require the commissioner of insurance to approve such a contract would violate the theory and purpose for which fraternal benefit societies are founded; consequently the writ prayed for must be denied, and it is so ordered.

BURCH and HUTCHISON, JJ., not sitting.

THIELE, J., not participating.