**Johnny Robert WINDHAM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–81–024–CR.**

Court of Appeals of Texas,
Eastland.

Jan. 7, 1982.

Discretionary Review Granted
April 14, 1982.

Edward R. Paynter, Glenn, Thomas, Price, Paynter & Wilson, Abilene, for appellant.

James M. Eidson, Ross Adair, Asst. Dist. Attys., Abilene, for appellee.

McCLOUD, Chief Justice.

This is an appeal of an attempted murder conviction. The jury assessed punishment, enhanced by two prior felony convictions, at imprisonment for life.

Appellant contends in his first ground of error that the evidence is insufficient to establish his guilt because there is a fatal variance between the allegations in the indictment and the proof offered at trial. We agree.

Janis Andrews, the complaining witness, testified that during the night of September 20, 1980, the appellant, whom she knew, came to the house occupied by her and her roommate, Shirley Hounsell. The appellant and Shirley Hounsell were dating at the time. When the witness let the appellant into the house, she noticed that he had a small hand gun in his hand. The appellant

**506**

told Janis to go to her room and he went directly to a couch where Shirley Hounsell was sleeping. The appellant started "yelling" at Shirley and accusing her of "messing around" with another man. Janis heard appellant say he was going to kill Shirley and also himself. Appellant was waving the "small hand gun" around, pointing it at times at Shirley and at himself. Janis Andrews became involved in the fight while attempting to aid Shirley. She stated that she was screaming at the appellant to let Shirley go, when he pointed the gun in her direction and pulled the trigger. Janis Andrews testified that the gun did not "fire." She heard a "click," but the bullet did not "come out." She said that the appellant then tried to "cock it back and forth." An unspent cartridge was ejected which the witness picked up and later gave to the investigating officers.

Officer Kastner testified that the cartridge casing had markings on it indicating that there was some problem in "ejecting" the shell, and also that marks on the primer indicated that the shell had been struck by a "firing pin" of a weapon.

When the State rested, and again when both the State and the appellant closed, the appellant filed motions for an instructed verdict of not guilty, urging that the evidence was insufficient to sustain a conviction because there was no proof that a shot was fired, as the State had alleged in the descriptive averments made in the indictment.

The indictment alleges in part the following:

... Johnny Robert Windham did then and there unlawfully, intentionally and knowingly attempt to cause the death of an individual namely Janis Andrews, *by shooting at her with a gun*.... (Emphasis added)

There is evidence that the appellant pointed a loaded hand gun at Janis Andrews, and that he pulled the trigger. The gun "clicked," but the gun did not discharge.

The issue is narrow. The gun did not fire; therefore, the question is whether the State failed to prove that the appellant "shot" at Janis Andrews with a gun as specifically alleged in the indictment.

■ An offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against. It is not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. *Wilson v. State*, 520 S.W.2d 377 (Tex.Cr. App.1975).

■ The descriptive averment, "by shooting at her with a gun," is not surplusage. The State had the burden of proving the allegation. *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975).

In *Weaver v. State*, 551 S.W.2d 419 (Tex. Cr.App.1977), the aggravated assault indictment charged that the defendant used a .22 caliber "Ruger" automatic pistol to threaten the injured party, but the evidence showed that a .22 caliber "Luger" pistol was used. In reversing the conviction because of a fatal variance between the allegation and proof, the court stated:

The allegation of the use of a deadly weapon was legally essential to charge the offense, since the offense of aggravated assault as provided in subsections (1) and (2) of Section 22.02 was not alleged in the indictment. The description of the deadly weapon was not a necessary allegation, but since it was alleged, it was descriptive of that which was legally essential to charge the offense; to-wit the deadly weapon, and must be proved as alleged.

In determining the sufficiency of the indictment, the court in *Flowers v. State*, 4 Okl.Cr. 320, 111 P. 675 (1910) said:

But where it is averred, not that the defendant attempted to shoot, but actually shot at another with a gun, that is an affirmative allegation that he discharged a loaded gun at such another person. Webster's New International Dictionary

defines the word "shoot" as meaning, "To let fly, or cause to be driven with force, as an arrow, bullet or other missile, from a bow, sling, gun, or the like; to discharge."

Black's Law Dictionary, Fifth Edition, defines "shoot" as follows:

> To strike with something shot; to hit, wound, or kill, with a missile discharged from a weapon. The term generally implies the use of firearms.

Included in the definition of "shoot," as defined in Webster's Third New International Dictionary, are the following:

> ... 1a(1) to let fly or cause to be driven forward with force (as an arrow, bolt, stone, bullet) from a bow, sling, or similar device or from a firearm...
>
> (3) to cause a missile to be driven forth from (as a bow, sling, gun): DISCHARGE....

We hold that "shooting at her with a gun" alleges that the gun fired or discharged. The gun was not actually fired or discharged in the instant case, as alleged in the indictment. Since the State failed to prove the specific means alleged in the indictment, the evidence is insufficient to support the conviction for attempted murder. See *Bullet v. State*, 538 S.W.2d 785 (Tex.Cr.App.1976); *Hardrick v. State*, 142 Tex.Cr.R. 520, 155 S.W.2d 367 (1941).

*Dovalina v. State*, 564 S.W.2d 378 (Tex. Cr.App.1978) and *Colman v. State*, 542 S.W.2d 144 (Tex.Cr.App.1976) are distinguishable. In each of those cases, the evidence showed that a gun was fired or discharged.

The judgment is ordered reformed to show a judgment of acquittal as to attempted murder. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Cox v. State*, 608 S.W.2d 219 (Tex.Cr.App.1980); *Ex Parte Reynolds*, 588 S.W.2d 900 (Tex.Cr.App. 1979). Appellant, however, may be retried for lesser included offenses. *Granger v. State*, 605 S.W.2d 602 (Tex.Cr.App.1980); *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr. App.1979).