**Bobby WEAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53417.**

Court of Criminal Appeals of Texas.

June 1, 1977.

Charles E. McDonald, Bangs, for appellant.

Gary R. Price, Dist. Atty., and W. Stephen Ellis, Asst. Dist. Atty., Brownwood, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of aggravated assault, a felony of the third degree. V.T.C.A. Penal Code, Sec. 22.02(a)(3). Punishment was assessed at ten years.

In his sole ground of error, appellant argues that the court erred in failing to grant his motion for an instructed verdict, since there was a fatal variance between the allegations of the indictment and the proof.

The indictment charged that on or about April 29, 1974, in Coleman County, appellant

"did then and there intentionally and knowingly use a deadly weapon, to-wit: 22 caliber *Ruger* automatic pistol, and did then and there threaten CORKEY CHAPMAN with imminent bodily injury by the use of said deadly weapon . . . ." (Emphasis added).

Appellant's complaint is that "the indictment . . . states that a '.22 caliber R

uger automatic pistol' was used to threaten Corky Chapman, and the proof . . . shows only that a caliber .22 Luger, Serial No. 60,657, manufactured by Stoeger Arms Corporation, S. Hackensack, New Jersey, was used." (Emphasis added).

The testimony of complainant Corkey Chapman, Sheriff of Coleman County, reflects that appellant in making the assault upon Chapman used a .22 caliber "L. R. L uger, serial No. 60,657, manufactured by Stoeger Arms Corp., S. Hackensack, New Jersey" (Emphasis added). Such a Luger automatic pistol was introduced in evidence by the State as S.Ex.No. 1, and a color photograph thereof is included in the record. Appellant testified S.Ex. No. 1 was the pistol he possessed and exhibited on the occasion of the alleged offense.

At the close of the State's evidence, appellant moved for an instructed verdict due to the variance between the indictment and the proof as to the weapon used, which motion was overruled. Later, at the punishment stage, after the jury had returned its verdict assessing punishment, appellant moved for a judgment notwithstanding the verdict for the same reason—variance between the allegations in the indictment and the proof. His motion was denied.

This Court in *Burrell v. State,* 526 S.W.2d 799 at p. 802 stated:

"It is well settled that '[a]llegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded.' 1 Branch's Ann.P.C., 2d ed., Sec. 517, p. 497 (1956). Stated another way, it may be said that if not descriptive of that which is legally essential to the validity of the indictment, information or complaint, unnecessary words or allegations may be rejected as surplusage.

"In *Collins v. State,* 500 S.W.2d 168 (Tex. Cr.App.1973), this court said:

" 'When not descriptive of that which is legally essential to the validity of an indictment or information, unnecessary

words may be rejected as surplusage.' See also *Cohen v. State,* 479 S.W.2d 950 (Tex.Cr.App.1972); *Malazzo v. State,* 165 Tex.Cr.R. 441, 308 S.W.2d 29 (1957).

"There is, however, a well recognized exception to the general rule discussed above, and that is where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated. See 13 Tex.Law Review 489 (note); 1 Branch's Ann.P.C., 2d ed., Sec. 518, pp. 491–498, and cases there cited.

"It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven, *Smith v. State,* 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State,* 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. *McClure v. State,* 163 Tex. Cr.R. 650, 296 S.W.2d 263 (1956)."

See other authorities cited in *Burrell* holding that a description of the means used or means by which an assault was committed, though unnecessary, must be proved substantially as made.

See also *Rowland v. State,* Tex.Cr.App., 523 S.W.2d 676, and cases cited.

In the instant case, the indictment charged appellant with aggravated assault under the provisions of V.T.C.A. Penal Code, Sec. 22.02(a)(3), which reads:

"a. A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:

\* \* \* \* \* \*

"(3) uses a deadly weapon."

■ The allegation of the use of a deadly weapon was legally essential to charge the offense, since the offense of aggravated assault as provided in subsections (1) and (2)

of Section 22.02 was not alleged in the indictment. The description of the deadly weapon was not a necessary allegation, but since it was alleged, it was descriptive of that which was legally essential to charge the offense; to-wit, the deadly weapon, and must be proved as alleged. See *Burrell v. State,* supra; *Rowland v. State,* supra; *Goodwin v. State,* 167 Tex.Cr.R. 485, 320 S.W.2d 852. Cf. *Davis v. State,* Tex.Cr. App., 532 S.W.2d 626.

■ The State contends that the allegation of "Luger" in the indictment is merely "a problem of misspelled words," citing *Henderson v. State,* Tex.Cr.App., 422 S.W.2d 175. In *Henderson,* a burglary case, the allegation in dispute was that the entry was made with intent to take "corporal property" instead of "corporeal property." This Court disposed of the contention of a fatal defect in the indictment as follows:

> "We do not regard the misspelled word as fatal to the indictment. One dictionary definition of 'corporeal' is 'corporal.' A synonym for both is 'bodily.' Either comes within the statutory definition of personal property under the statutes relating to theft."

See also *Ablon v. State,* Tex.Cr.App., 537 S.W.2d 267.

Appellant, at the guilt stage, testified as follows:

> "Q Is there a gun called a 'Ruger'?
> "A Strohm–Ruger Corporation, yes, sir.
> "Q And there are guns called 'Rugers' that you know of?
> "A Yes, sir.
> "Q Okay. But this isn't a Ruger, is that correct?
> "A No, sir, it's not."

The State made no effort at the trial to explain the variance between "Ruger" as alleged in the indictment and "Luger" as the evidence proved the "deadly weapon" used in the assault to be.

We do not find that it is evident from the record that the reference to the deadly weapon as a "Ruger" instead of a "Luger" was a mere misspelling error. Cf. *Ablon v. State,* supra. There being a fatal variance between the allegations and the proof, the conviction cannot stand. *Rowland v. State,* supra.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.