Davis-CE v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-026-CR

     CHESTER EUGENE DAVIS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 29,732
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Chester Eugene Davis was charged by indictment with the offense of aggravated
assault. The indictment, stripped of its formal parts, alleged that Appellant on or about December
15, 1991, in Hill County, Texas, "did then and there unlawfully, intentionally or knowingly cause
serious bodily injury to Clayton Eugene Mooney by cutting Clayton Eugene Mooney on the
stomach with a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was
capable of causing death and serious bodily injury, . . . . " See art. 22.02(a) (1) and (4), Texas
Penal Code.
      Appellant pleaded not guilty before a jury which found him guilty and assessed his punishment
at ten (10) years' imprisonment and a $10,000 fine, from which judgment and sentence Appellant
asserts one point of error.
      Appellant contends that there is a fatal variance between the allegations of the indictment and
the State's proof. The indictment charged that Appellant used a knife in the commission of the
crime, and Appellant argues that, since the State alleged the use of a knife in the commission of
the crime and the knife introduced at the trial could not be positively identified as "the" knife, that
the evidence was insufficient, thereby creating a fatal variance between the indictment and proof. 
Moreover, Appellant contends that there was insufficient evidence of the use of a knife as a deadly
weapon in the commission of the offense.
      In determining whether there is a fatal variance between the indictment and the State's proof,
the ultimate question will turn on the sufficiency of evidence grounds. When testing the
sufficiency of evidence, the evidence is viewed in the light most favorable to the finder of fact,
and the reviewing court must determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, (Tex. Crim. App. 1989) 769 S.W.2d
234, 239. This standard of review is applicable in both direct evidence and circumstantial
evidence cases. Geesa v. State, (Tex. Crim. App. 1991) 820 S.W.2d 154.
      We have carefully reviewed the evidence and have determined that the evidence is sufficient
to support the conviction, and that there is no fatal variance between the indictment and the
evidence, and thereby overrule Appellant's point of error.
      It is well established that where a person, place, or thing necessary to be mentioned in the
indictment is described with unnecessary particularity, all circumstances of description must be
proven. Burrell v. State, (Tex. Crim. App. 1975) 526 S.W.2d 799, 802. This rule, when applied
to the case at bar, means that although the indictment did not have to allege that the deadly weapon
was a knife, yet since the indictment alleged that it was a knife, the State was required to prove
that the deadly weapon was a knife. See Weaver v. State, (Tex. Crim. App. 1977) 551 S.W.2d
419.
      On the night in question, the victim, Mr. Mooney, had about five people at his residence to
drink beer and shoot pool. Appellant was present although he had not been invited. Mooney
testified that nobody asked Appellant to leave because they were "scared to ask him to leave." 
During the evening pool games, Appellant repeatedly dropped the pool cue he was using on the
floor. Mr. Mooney testified that Appellant was dropping it intentionally, whereupon Mooney
asked him to stop dropping it.
      The party broke up about midnight and the guests left. Mr. Shane Williams and Mooney got
in Mooney's car to go get some beer and then go to the Chaparal Club. Appellant asked Mooney
if he could go with him (Mooney) and Williams, but Mooney told him that there was not enough
room in his car to take Appellant. This made Appellant angry, at which point Appellant got upon
the trunk of Mooney's car and jumped up and down. Mooney then got out of the car and went
to the back of his car and told Appellant to get off the trunk. This made Appellant more angry,
whereupon Appellant jumped off the car trunk. Mooney testified, "Well, when he jumped off the
trunk, that is when he stuck the knife in my stomach." Mooney also testified, "He (Appellant)
stuck a knife in my stomach and ripped straight up." Mooney testified that the cut was so large
that he "had both hands full of my intestines."
      Shane Williams helped Mooney into the house, and the Blum Fire Department came and gave
him shots and first-aid regarding his intestines, after which he was flown to John Peter Smith
Hospital in Fort Worth, Texas, for surgery. After surgery, Mooney stayed in the hospital a week,
then was home for a week, after which his gall bladder became gangrenous and he had to go back
to John Peter Smith Hospital to have his gall bladder removed. Mooney was twenty-two (22)
years of age at the time of the stabbing. His medical and hospital bills amounted to approximately
$18,000. The stab wound was about three and one-half inches in length, from the vicinity of
Mooney's navel upward. The incisions from the surgery were substantially longer.
      Mooney further testified that Appellant had a knife out earlier in the evening, before the
stabbing, cleaning his fingernails with it. However, on cross-examination Mooney said that he
did not see the knife at the time of the stabbing. Shane Williams testified that when Mooney went
to the back of his car to get Appellant off the car trunk, that he (Williams) also went to the back
of the car. Williams testified that, "I seen he (Appellant) was holding that knife in the right hand
with the blade sticking out on this side, and all I could see was part of the shiny, you know,
blade." Appellant told Williams to stay away from him or he (Appellant) would cut him
(Williams).
      About two hours after the stabbing, an officer went to Appellant's home and, after arresting
him, took a knife from Appellant's person. This was the knife that was introduced into evidence
as State's Exhibit No. 7. The State is not required to introduce the actual knife into evidence to
prove that it was a deadly weapon. Barrera v. State, (Tex. App.—Corpus Christi 1991, pet. ref'd)
820 S.W.2d 194, 196. The State can, without expert testimony, prove a particular knife to be a
deadly weapon by showing its size, shape, sharpness, the manner of its use or intended use, and
its capacity to produce death or serious bodily injury. Blain v. State, (Tex. Crim. App. 1983) 647
S.W.2d 293, 294. Shane Williams described the knife that Appellant was using as having a four-inch blade, and called it a "smallish pocket knife."
      We are of the opinion and hold that the evidence is sufficient to show that Appellant used a
knife with which to stab Mr. Mooney, that the knife was a deadly weapon, and that there is no
fatal variance between the indictment and the evidence. Appellant's sole point of error is
overruled.
      The trial court's judgment is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed June 23, 1993
Do not publish