CR3-605 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-605-CR




RODNEY MANCIAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 381498, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 




 Following a bench trial, the trial court found appellant Rodney Mancias guilty of
driving with a suspended license. Tex. Rev. Civ. Stat. Ann. art. 6701h, § 32(c)(1)(A) (West
Supp. 1995). The trial court assessed punishment at confinement for 180 days and a $1000 fine,
but suspended the jail time and probated $900 of the fine subject to the successful completion of
two years probation, including 100 hours of community service. We will affirm.



FACTUAL BACKGROUND


 After seeing appellant make an unsafe lane change on U.S. Highway 183,
Department of Public Safety ("DPS") Trooper Mario Orozco stopped appellant and asked to see
his driver's license and proof of liability insurance. Appellant produced neither and told the
officer that his license had expired. Trooper Orozco then ran a routine check through DPS
communications and discovered that appellant's driver's license had been suspended for failure
to maintain a policy of automobile liability insurance. See Tex. Rev. Civ. Stat. Ann. art. 6701h,
§ 1F (West Supp. 1995). 

 The information in this case charged that appellant "intentionally and knowingly
dr[o]ve and operate[d] a motor vehicle upon a public road in said County and State, when . . .
[his] license was duly and legally suspended under Vernon's Texas Civil Statute Article 6701,
Sec. 1f, knowing that said license was suspended . . . ." (1) Before trial, appellant filed a motion
to quash the State's information alleging that it failed to state an offense in plain and intelligible
words. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1995) (requiring a defendant
to object to any defects of form or substance in an information before the trial on the merits
commences). The trial court never ruled on this motion. Appellant now appeals the trial court's
judgment on the basis that a variance exists between the pleadings and the proof because the
State's evidence does not support the allegations contained in the information.



DISCUSSION


 In a single point of error, appellant contends that the trial court erred by failing to
direct a verdict for appellant despite the variance between the information and the State's proof
presented at trial. Appellant claims that the State's information, which cites to article 6701 of the
Revised Civil Statutes instead of article 6701h, reflects that appellant's license was suspended
pursuant to the "width of wheels" statute prohibiting the sale of vehicles with proportionately short
wheel widths. See Tex. Rev. Civ. Stat. Ann. art. 6701 (West 1977). Thus, appellant asserts that
the State's evidence at trial tending to prove that appellant's license had been suspended pursuant
to article 6701h, section 1F of the Revised Civil Statutes, entitled "Suspension of Driver's License
and Motor Vehicle Registration," did not support the allegations contained in the information. 
We disagree.

 When the proof presented at trial on a matter legally essential to the charge does
not agree with allegations in the information, a variance occurs. See 19 Tex. Jur. 3d Criminal
Law § 639 (1982). A variance also occurs when the proof at trial does not agree with allegations
descriptive of that which was legally essential to the charge. Weaver v. State, 551 S.W.2d 419,
421 (Tex. Crim. App. 1977). Appellant relies on Weaver to support his argument that a variance
occurred in the instant case. In Weaver, the indictment charged the defendant with the use of a
deadly weapon, a ".22 caliber Ruger automatic pistol." Id. at 419. At trial, the proof indicated
that the defendant had used a .22 caliber Luger automatic pistol. Id. at 420. The record on
appeal did not indicate that the reference in the indictment to the deadly weapon as a "Ruger"
instead of a "Luger" was a spelling error. Id. at 421. In fact, testimony at trial established that
both "Ruger" and "Luger" are names for actual guns. Id. Although the description of the deadly
weapon by make was not legally essential to charge the offense of aggravated assault, it described
that which was legally essential to charge the offense. Id. The court thus held that the description
had to be proved as alleged and that the variance was fatal. Id.

 Contrary to appellant's assertions, the facts in the instant cause do not resemble
Weaver. The most glaring difference arises from appellant's assumption that the information in
this case, while not correctly designating the driver's license suspension statute, instead designated
the width of wheels statute. We are not convinced of such. The information refers to "Vernon's
Texas Civil Statute Article 6701, Sec. 1f." The width of wheels statute contains no section 1f or
even section 1F; rather, the width of wheels statute stands alone, containing no sections at all. 
See Tex. Rev. Civ. Stat. Ann. art. 6701. If a reference to the driver's license suspension statute
cannot be ascertained from the State's information because of the omission of an "h," then neither
can a reference to the width of wheels statute be ascertained when a "1f" is included. As such,
the reference in the information to the statute under which appellant's driver's license was
suspended constitutes neither an allegation legally essential to the charge of driving with a
suspended license nor a description of that which was legally essential to charge the offense. 
Instead, the allegation references a non-existent statute to which no proof at trial could conform. 
This is in direct contrast to the information in Weaver, which described that which was legally
essential to the charge, an existing type of gun that could have been proved up at trial.

 Thus, we hold that this case does not present a variance question wherein the proof
disagrees with the allegations in the information. Moreover, the proof in this case could not
possibly agree with the allegations since they reference a non-existent statute. In light of this
holding, we determine that at most the information in the present cause is substantively defective
for failing to allege a necessary element of the offense of driving with a suspended license. See
Tave v. State, 546 S.W.2d 317, 318 (Tex. Crim. App. 1977) (requiring allegations of whether
a defendant's license had been suspended under article 6701h or article 6687b of the Revised Civil
Statutes in an information charging the offense of driving with a suspended license). Before 1985,
the failure to allege a necessary element of the offense in the charge constituted a fatal substance
defect. See id.; Harrell v. State, 643 S.W.2d 686, 694 (Tex. Crim. App. [Panel Op.] 1982). 
Today, however, even though the omission or misstatement of an essential element from an
information may be a defect of substance, the information will not be considered fundamentally
defective. Rodriquez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990). The charging
instrument, "on its face" an information, still constitutes a valid information. Id.; see Tex. Const.
art. V, § 12(b). As such, once the information is presented to the trial court, the trial court
obtains jurisdiction over the cause. Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App.
1990). A defendant must object to substance defects before trial; failure to do so waives any right
to raise an objection on appeal. Id.

 In the instant cause, appellant did object to the substance defect in the information
before trial; however, he did not obtain a ruling on his objection and therefore has failed to
preserve his objection for appeal. Because this case presents a substance defect in the information
rather than a variance, we overrule appellant's point of error.

 The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 1, 1995

Do Not Publish

1.   The statute citation should have included the letter "h" to read "Article 6701h, Sec.
1F," and the lowercase "f" should have been capitalized in order to correctly cite the
intended statute.