PD-1618-15

PD-1618-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/11/2015 2:29:27 PM
Accepted 12/15/2015 1:27:53 PM
ABEL ACOSTA
CLERK

No. 07-13-00399-CR

_____

IN THE CRIMINAL

COURT OF APPEALS

_____

ANTHONY BERNARD WINGFIELD
PETITIONER,
VS.
THE STATE OF TEXAS

_____

PETITION FOR DISCRETIONARY REVIEW

_____

Appeal from the District Court
of Wilbarger County, Texas
46TH JUDICIAL DISTRICT
HONORABLE DAN MIKE BIRD, JUDGE
DISTRICT COURT CASE NO. 11,825

_____

RESPECTFULLY SUBMITTED:

December 11, 2015

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

/s/ Earl Griffin Jr.
EARL GRIFFIN, JR.
SBOT# 08471000
Attorney for Appellant
P.O. Box 730
Childress, Texas 79201
(940) 937-6474
(940) 937-6020 Fax.

1

{Petition For Discretionary Review}

## CERTIFICATE OF SERVICE

I hereby certify that the following listed person(s) or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justice of this Court may review the same to determine the need for refusal or disqualification, if necessary, herein:

1.	The Appellant, ANTHONY BERNARD WINGFIELD, currently resides at TDC# 01896078, Polunsky Unit, 3872 F.M. South, Livingston, Texas 77351, and may be served with process herein at the address of his Court Appointed Attorneys and he is represented herein by the undersigned attorneys whose addresses are shown on the front cover of this brief. The Appellant was represented at trial herein by the same attorney;

2.	The Appellee, The State of Texas, is represented herein by its Criminal District Attorney for Wilbarger County, Texas, Mr. Staley Heatly, and his address is 1700 Wilbarger Street, Suite 32 Vernon, Texas 76384, and may be served with process at his address.

3.	The State Prosecuting Attorney is Ms. Lisa C. McMinn and her address is P.O. Box 12405, Capital Station, Austin, Texas 78711-2405, and she may be served with process at this address.

Respectfully submitted by,


<u>/s/ Earl Griffin, Jr.</u>
EARL GRIFFIN, JR.
Attorney for Appellant

# TABLE OF CONTENTS
# SUBJECT INDEX

SUBJECT:                                                                PAGE:

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-7

Subject Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..4-5

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-7

Statement of the Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Grounds for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10-13

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13-14

Reasons for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14-18


GROUND FOR REVIEW NUMBER ONE . . . . . . . . . . . . . . . . . . . . . 14-16

THERE IS INSUFFICIENT LEGAL EVIDENCE THAT PETITIONER INTENTIONALLY OR KNOWINGLY OR RECKLESSLY CAUSED BODILY INJURY TO A MEMBER OF PETITIONER'S FAMILY OR A PERSON PETITIONER HAS HAD A DATING RELATIONSHIP BY STRIKING SUCH PERSON WITH PETITIONER'S HAND (ENTIRE RECORD).

{Petition For Discretionary Review}

GROUND FOR REVIEW NUMBER TWO . . . . . . . . . . . . . . . . . . . . . .16-18

      THE STATE VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ENGAGED IN A VINDICTIVE PROSECUTION WHEN IT REFUSED TO FOLLOW ITS PLEA BARGAIN AGREEMENT WITH PETITIONER (R.R. VOL. 1; R.R. VOL. 3 & 4; CLERK'S RECORD; ENTIRE RECORD).

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

Certificate of Compliance…………………………………………………....19

Appendix………………………………………………………………..20

{Petition For Discretionary Review}

# TABLE OF CONTENTS
## INDEX OF AUTHORITIES

CASE:                                                                                                      PAGES:

1. Edison v. State, 235 S.W. 3rd 303 (Tex. Civ. App. -2008, no pet.)……………15
2. Mitchell v. State, 102 S.W. 3rd 773 (Tex. Civ. App.-2003, pet. Ref'd)………15
3. Weaver v. State, 551 S.W. 2d 419 (Tex. Cr. App.-1977)……………………15
4. Franklin v. State, 659 S.W. 2d 831, 834 (Tex. Cr. App. -1983)………………15
5. Taylor v. State, 637 s.W. 2d 929 (Tex. Cr. App. -1982)………………………15
6. Sieffert v. State, 501 S.W. 2d 124 (Tex. Cr. App. -1973)……………………15
7. Givens v. State, 2008 WL 2104843
          (Tex. Civ. App. -2008: Discretionary Review Dismissed)……………..16
8. Jackson v. Virginia, 443 U. S. 307, 318-319 (U.S. -1979)……………………16
9. Mason v. State, 905 S.W. 2d 570, 574 (Tex. Cr. App. -1995)…………………16
10. Johnson v. State, 43 S.W. 3d 1, 10-1 (tex. Cr. App. -2001)…………………16
11. Dorsey v. State, 55 S.W. 3d 227 (Tex. Civ. App. -2001, no pet.)………….17
12.Mabry v. Johnson, 467 U.S. 504, 104 S. Ct. 2543 (1984)…………………18
13. Moore v. State, Id…………………………………………………..18
14. ExParte Williams, 637 S.W. 2d 943, 948 (Tex. Crim. App. -1982)………18
15. State vs. Moore, 240 S.W. 3d 248,251 (Tex. Crim. App.-2007)……………17

{Petition For Discretionary Review}

## CODES AND STATUTES

<u>Texas Penal Code</u>

§22.01 (b) (2) (A) ……………………………………………………. 15

{Petition For Discretionary Review}

No. 07-13-00399-CR

| | | |
|---|---|---|
| ANTHONY B. WINGFIELD | }{ | IN THE COURT OF |
| PETITIONER, | }{ | |
| | }{ | |
| VS. | }{ | CRIMINAL APPEALS |
| | }{ | |
| THE STATE OF TEXAS | }{ | |
| APPELLEE | }{ | OF TEXAS |

<u>PETITION FOR DISCRETIONARY REVIEW</u>

TO THE COURT OF CRIMINAL APPEALS:

COMES NOW, **ANTHONY BERNARD WINGFIELD**, the Petitioner in the above-styled and numbered cause, by and through his counsel of record on appeal herein, and submits in and to this Court his Petition For Discretionary Review on appeal herein complaining of errors of fact and law in the trial court below as follows:

For convenience, the Petitioner, **ANTHONY BERNARD WINGFIELD**, and THE STATE OF TEXAS will hereinafter be referred to as the "Petitioner" and the "State" respectively throughout this petition hereinafter:

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. 11,825, Wilbarger County, Texas, Appellant pled Not Guilty to the charge of Assault Against A Family Member With Prior Conviction (R.R. Vol. 4: P. 17, L. 8- P. 18, L. 12) and submitted his case to the jury. Appellant was found guilty and sentenced to 45 years in the Texas Department of Criminal Justice, Institutional Division (C. R.88 -89). Appellant timely filed a Motion for New Trial and Notice of Appeal (C.R. 90-91; 100). On November 24, 2015, the Seventh Court of Appeals affirmed the Trial Court's Judgment, Appendix 1 hereto.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW NUMBER ONE

THERE IS INSUFFIECIENT LEGAL EVIDENCE THAT PETITIONER INTENTIONALLY OR KNOWINGLY OR RECKLESSLY CAUSED BODILY INJURY TO A MEMBER OF PETITIONER'S FAMILY OR A PERSON PETITIONER HAS HAD A DATING RELATIONSHIP BY STRIKING SUCH PERSON WITH APPELLANT'S HAND (ENTIRE RECORD).

## GROUND FOR REVIEW NUMBER TWO

THE STATE VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTUION AND ENGAGED IN A VINDICTIVE PROSECUTION WHEN IT REFUSED TO FOLLOW ITS PLEA BARGAIN AGREEMENT WITH PETITIONER (R.R. VOL. 1, R.R. VOL. 3 & 4; CLERK'S RECORD; ENTIRE RECORD)

9

## STATEMENT OF THE CASE

At a pre-trial hearing the State, on the record, informed Petitioner that the State's "plea offer" of two years in the TDCJ-ID would remain "open" until October 10, 2013 (R.R. Vol. 1: P. 8, L. 4-10: "Mr. Heatly: Judge, we have made a plea bargain offer of two years RDCJ and we'll make that offer *available until October the 10th*.) (emphasis added)

On October 1, 2013 Petitioner sent a letter to his Court Appointed Counsel, Earl Griffin, Jr., that he was accepting the two years TDCJ-ID plea offer (R.R. Vol 3: P. 20, L. 1-8; CR. 41.) and the District Attorney sent a letter to the same defense counsel that it was withdrawing its "plea offer" (R.R. Vol. 3: P. 20, L. 5-8; CR. 48). On March 7, 2013 defense counsel sent a letter to the District Attorney that Appellant was accepting the two years TDCJ-ID plea deal (R.R. Vol. 3: P. 30, L. 9-11; CR. 41, 46.) The State refused to honor its promise to allow Petitioner until October 10, 2013 to enter his plea to the two year deal (R.R. Vol. 3: P. 22, L. 14-P. 23, L. 8; P. 24,L. 25-P. 25, L. 13; CR. 48). Petitioner filed a Motion To Quash Indictment For Vindictive Prosecution (C.R. 49-66) and the Trial Court heard this motion pre-trial (R.R. Vol. 3: P. 19, L. 21-P. 28, L. 13). The Trial Court denied Appellant's Motion To Quash Indictment (R.R. Vol. 3: P. 28, L. 8-L. 21).

The indictment in No. 11,825 provides in relevant part: "… that (Petitioner)

10

… did … intentionally, knowingly or recklessly cause bodily injury to Angela

Dickerson,…person with whom the (Petitioner) has or has had a dating

relationship,…and…the (Petitioner) had previously been convicted of an offense

under Chapter 19 or Chapter 22 or Section 20.03 or Section 20.04 or Section 21.11

or Section 25.11, Penal Code,…to wit: on the 20th day of March 2012, in the

County Criminal Court No. 11 of Dallas County, Texas, in cause number

MA1233579N,"  to which the Petitioner pled "Not Guilty" (R. R. Vol. 4: P.17, L.

8-P. 18, L. 14).

The State called Angela Dickerson, the alleged victim, who testified that she

"knew" Petitioner from "June of 2011" (R.R. Vol. 4: P. 24, L. 2-6) off and on until

"October 12, 2012 (R.R. Vol. 4; P. 26, L. 2-L.19) when Petitioner moved in

"permanently". She characterized their activity as a "dating" relationship (R.R. Vol.

4: P. 26, L. 19-23) until "December 11, 2011" when she moved in with her mother

(R.R.-Vol. 4: P. 25, L. 22-P. 26, L. 11). She further testified that on June 12, 2013

that Petitioner punched her (R.R. Vol. 4: P. 27, L. 10-12; P. 28, L. 3-11).

On cross-examination Angela Dickerson, after having denied that she

slapped Petitioner before he "touched her"(R.R. Vol. 4: P. 37, L. 16-22), admitted

that on August 12, 2013 she made a statement to law enforcement that she "struck

Anthony first" (R.R. Vol. 4: P. 39, L. 1-9), that she did not recall making a

statement that he grabbed her by the shirt (R.R. Vol. 4: P. 39, L. 10-13) then admitted that she had made that statement and that Petitioner fell on her on the couch, that she bumped her eye on his head (R.R. Vol. 4: P. 39, L. 16-P. 40, L. 3). She testified that Petitioner has an amputated leg (R.R. Vol. 4: P. 40, L. 4-9); that she gave another written statement that she had given yet "a different version" of what had happened (R.R. Vol. 4: P. 40, L. 10-18). Angela Dickerson executed an Affidavit of Non-Prosecution seeking to have all charges against Petitioner dismissed (R.R. Vol. 4: Defendant's Exhibit1).

Further, while being cross-examined, Angela Dickerson denied giving a statement that a conversation about another woman and text messages had occurred of the incident in question (R.R. Vol. 4: P. 45, L. 5-12) and, again, then admitted on further cross-examination that such a conversation had occurred (Vol. 4: P. 45, L. 15-19).

Ronnie Dickerson testified that on June 12, 2013 he heard a "slap" but did see Petitioner strike Angela Dickerson (R.R. Vol. 4: P. 53, L. 10-12; L. 25-P. 54, L. 5).

On cross-examination Ronnie Dickerson admitted that he did not see a blow struck on that occasion (R.R. Vol. 4: P. 55, L. 23-P. 56, L. 10).

Petitioner moved for directed verdict that there was no evidence offered as to the prior conviction for family violence which would support a felony conviction under the present indictment because State's 11 (The per packet offered by the State to prove the prior conviction.) read on its face "no finding of family violence" (R.R. Vol. 4: P. 151, L. 1-15; State's Exhibit 11).

By bill of exception Petitioner offered and proffered Angela Dickerson's testimony that she had made other complaints of family violence against other men (R.R. Vol. 5: P. 28, L. 14-P. 29, L. 25). The Trial Court refused to allow this testimony before the jury (R.R. Vol. 5: P. 30, L. 20-22)

SUMMARY OF ARGUMENT

There was no evidence, or at best insufficient evidence, to establish beyond a reasonable doubt that Petitioner intentionally or knowingly or recklessly caused bodily injury to Angela Dickerson, who was a member of Petitioner's family or a person Petitioner had had a dating relationship by striking her with Petitioner's hand, after Petitioner had finally been convicted under Chapter 19 or 22 or Section 20.03 or Section 20.04, or Section 22.11 or Section 25.11, Texas Penal Code.

The Trial Court abused its discretion when it denied Petitioner's Motion For Directed Verdict because there was no evidence that the underlying Dallas conviction involved a family violence offense under Chapter 19, Chapter 22,

13
{Petition For Discretionary Review}

Section 20.03, Section 20.04 or Section 21.11 or Section 25.11 of the Penal Code of Texas.

The State violated Petitioner's right to due process when it engaged in vindictive prosecution by refusing to follow its plea bargain agreement.

GROUND FOR REVIEW NUMBER ONE

THERE IS INSUFFICIENT LEGAL EVIDENCE THAT PETITIONER INTENTIONALLY OR KNOWINGLY OR RECKLESSLY CAUSED BODILY INJURY TO A MEMBER OF PETITIONER'S FAMILY OR A PERSON PETITIONER HAS HAD A DATING RELATIONSHIP BY STRIKING SUCH PERSON WITH PETITIONER'S HAND (ENTIRE RECORD).

REASON FOR REVIEW

For purposes of brevity and convenience that portion of this Brief entitled "Statement of the Case" is resubmitted hereunder in its entirety in support of these claims of error.

The State, in its indictment of Petitioner, asserted, in part, that Petitioner did : "… that (Petitioner) … did … intentionally, knowingly or recklessly cause bodily injury to Angela Dickerson (by striking her with his hand), Angela Dickerson being a person with whom the (Petitioner) has or has had a dating relationship,…and…the (Petitioner) had previously been convicted of an offense under Chapter 19 or Chapter 22 or Section 20.03 or Section 20.04 or Section 21.11 or Section 25.11, Penal Code,…" (C.R. 4-9). The Petitioner pled "Not Guilty" (R.

14

R. Vol. 4: P.18, L. 12).

By thus averring the State assumed, accepted and is charged with the burden of proving this – that Petitioner struck Angela Dickerson with Petitioner's hand after Petitioner had been convicted of one of the enumerated offenses TEXAS PENAL CODE §22.01 (b) (2) (A); SEE Edison v. State, 235 S.W.3[rd] 303 (Tex.Civ.App.-2008, no pet.); Mitchell v. State, 102 S.W.3[rd] 772 (Tex.Civ.App.-2003, pet. ref'd); Weaver v. State, 551 S.W. 2d 419 (Tex. Cr. App. – 1977); Franklin v. State, 659 S.W. 2d 831, 834 (Tex. Cr. App. – 1983); "The allegation in the indictment is descriptive of that which is legally essential to charge a crime because it elaborates on and describes essential elements of the offense that must be plead. The State was bound to prove the allegations in the indictment," Taylor v. State, 637 S.W. 2d 929 (Tx. Cr. App. – 1982); Sieffert v. State, 501 S.W. 2d 124 (Tx. Cr. App. – 1973).

The State had to prove beyond a reasonable doubt that Petitioner struck Angela Dickerson with Petitioner's hand **and** (emphasis added) that prior to this that Petitioner had been convicted of an offense under Chapter 19 or Chapter 22 or Section 20.03 or Section 20.04 or Section 21.11 or Section 25.11, Penal Code . There is no legally sufficient evidence that the prior conviction involved family violence, Givens v. State, 2008 WL 2104843 (Tex.Civ.App.-2008; Discretionary

15

Review Dismissed).

Further, because the alleged victim gave testimony to at least three different versions of the events of the date in question (SEE Statement of Facts herein), even considering the evidence in the light most favorable to the verdict, a rational trier of fact could NOT have found that the Petitioner intentionally or knowingly or recklessly struck Angela Dickerson with Petitioner's hand; Jackson v. Virginia, 443 U.S. 307, 318-319 (U.S. – 1979); Mason v. State, 905 S.W. 2d 570, 574 (Tx. Cr. App. – 1995). Further, viewing all the evidence in a neutral light, the evidence that Petitioner's intentionally or knowingly or recklessly struck Angela Dickerson with Petitioner's hand is so obviously weak as to undermine confidence in the fact finder's determination, Johnson v. State, 43 S.W. 3d 1, 10-1 (Tx. Cr. App. – 2001).

Therefore, judgment in this cause should be either reversed or rendered in favor of Petitioner or reversed and Petitioner granted a new trial herein and this Court should grant review therefore.

<u>REASON FOR REVIEW NUMBER TWO</u>

THE STATE VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTUION AND ENGAGED IN A VINDICTIVE PROSECUTION WHEN IT REFUSED TO FOLLOW ITS PLEA BARGAIN AGREEMENT WITH PETITIONER (R.R. VOL. 1: R.R. VOL 4; CLERK'S RECORD; ENTIRE RECORD)

16

## REASON FOR REVIEW

For purposes of brevity and convenience that portion of this Brief entitle "Statement of the Case" is resubmitted hereunder in its entirety in support of this claim of error.

The issue involved in one of fundamental fairness in plea negotiation and proceedings thereon. Here, the State made the unsolicited "offer" that the "plea offer" would remain available to Petitioner until October 10th. Prior to October 10th Petitioner, through counsel, informed the State that he accepted the offer. Can the State at that point in good faith, back out on its offer? Fundamental fairness says no.

It is stated in several cases that a "plea offer" is not binding until it is approved by the Trial Court, State vs. Moore, 240 S.W. 3d 248,251 (Tex. Crim. App.-2007); Dorsey v. State, 55 S.W. 3d 227 (Tex. Civ. App. -2001, no pet.); SEE ExParte Williams, 637 S.W. 2d 943,948 (Tex. Crim. App. -1982).

In this case the unanswered question is should the State be allowed to anticipatorily breach its agreement with the Petitioner? The cases which discuss the breach of a plea agreement as being "vindictive prosecution" violative of due process as required by the 14th Amendment to the United States Constitution focus on the fundamental unfairness of allowing the State to repudiate its agreement,

17

Mabry v. Johnson, 467 US 504,104 S. Ct. 2543 (1984); Moore v. State, ID..

Clearly here the State led to Petitioner to believe that the "plea bargain" was that until October 10th he would receive the benefit of the two year plea recommendation. The State did not honor this plea bargain.

Therefore, this case should be reversed and remanded to the Trial Court for the State to make its recommendation of two years, or reversed and remanded for new trial and this Court should grant review therefore.

PRAYER

WHEREFORE, PREMISES CONSIDERED, this Court should grant Petitioner's Petition For Discretionary Review, and upon such review, this case should be reversed and remanded to the Trial Court for the State to make its recommendation of two years, or reversed and remanded for new trial.

Respectfully submitted by,

/s/ Earl Griffin, Jr.
EARL GRIFFIN, JR.
ATTORNEY FOR PETITIONER
P.O. Box 730
Childress, Texas 79201
(940) 937-6474
(940) 937-6020 Fax
State Bar No. 08471000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Petition For Discretionary Review has been mailed CMRRR# 7011 3500 0002 4075 2272 to the counsel for the state herein, Mr. Staley Heatly, 46th District Attorney, 1700 Wilbarger Street, Suite 32, Vernon, Texas 76384, and CMRRR# 7011 3500 0002 4075 2289 to Ms. Lisa C. McMinn, State Prosecuting Attorney at P.O. Box 12405, Capital Station, Austin, Texas 78711-2405 on this the 11th day of December, 2015, in accordance with the rules governing same.

/s/ Earl Griffin, Jr.
ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petition For Discretionary Review is 3,550 words in its completion, signed on this 11th day of December, 2015, in accordance with the rules governing same.

/s/ Earl Griffin, Jr.
Attorney for Appellant
egriffinattorney@yahoo.com

## APPENDIX

1. Opinion and Judgment, Seventh Court of Appeals of Texas



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00399-CR

ANTHONY BERNARD WINGFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11,825, Honorable Dan Mike Bird, Presiding

November 24, 2015

## OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Anthony Bernard Wingfield appeals his conviction by jury of assault against a household member, with a prior conviction,[1] and the resulting sentence of forty-five years of imprisonment.[2] Appellant raises two points of error. We will affirm the judgment of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 22.01(a)(1), § 22.01(b)(2)(A) (West 2011).

[2] See TEX. PENAL CODE ANN. § 12.42 (West 2013) (providing penalties for repeat and habitual felony offenders).

## Background

The State's indictment charged appellant with assault against a member of his household and alleged appellant previously had been convicted of a similar offense.

After appellant pled not guilty, Angela Dickerson and her brother testified. Dickerson said she and appellant were dating and living together when, on a day in June 2013, appellant became angry with her and punched her in the face. Her brother did not see the assault but heard a "slapping" sound and looked over to see appellant standing over his sister, "fussing at her" and a "big old knot" forming near Dickerson's eye. Photographs of the complainant were admitted, depicting the injury to her eye. To prove appellant's prior conviction, the State introduced a 2012 judgment of a Dallas County criminal court.

The jury found appellant guilty as charged in the indictment and punishment was assessed as noted. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

## Analysis

### Sufficiency of the Evidence

At trial in the present case, appellant moved for a directed verdict at the conclusion of the State's evidence, asserting the 2012 Dallas County judgment constituted no evidence he previously had been convicted of an offense meeting the requirements of Penal Code section 22.01(b)(2)(A), necessary to elevate the degree of the current offense from a Class A misdemeanor to a third-degree felony. The court

2

denied the motion, and appellant's first complaint on appeal resumes his argument that the evidence of his prior conviction of an offense satisfying section 22.01(b)(2)(A) is insufficient.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *see Brooks v. State,* 323 S.W.3d 893, 901 (Tex. Crim. App. 2010). Our duty as a reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another . . . ." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). The offense is generally a Class A misdemeanor but is elevated to a third-degree felony if (1) the offense is committed against a member of the defendant's household and (2) "it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." TEX. PENAL CODE ANN. § 22.01(b)(2)(A); TEX. FAM. CODE ANN. § 71.0021(b) (West 2011). The prior conviction is an essential element of the felony offense. *Reyes v. State,* 314 S.W.3d 74, 81 (Tex. App.—San Antonio 2010, no pet.).

3

In trial of an offense under Title 5 of the Penal Code, article 42.013 of the Code of Criminal Procedure requires the court to make an affirmative finding that the "offense involved family violence, as defined by Section 71.004, Family Code," if the court determines that to be the case. TEX. CODE CRIM. PROC. ANN. art. 42.013 (2005); *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) (trial court is "statutorily obligated" to enter affirmative finding of family violence in its judgment, if during guilt phase of trial it determines offense involved family violence).[3] Family Code section 71.004, as pertinent here, defines "family violence" to include "an act by a member of a . . . household against another member of the . . . household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself . . . ." TEX. FAM. CODE ANN. § 71.004 (West 2015).

In *State v. Eakins*, the Austin court of appeals noted article 42.013 "was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault." *State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.). But the court went on to hold that in the subsequent prosecution, an affirmative finding of family violence in a prior

---

[3] Article 42.013 provides, "[i]n the trial of an offense under Title 5, Penal Code [Offenses Against the Person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2005).

4

judgment is not the only way the State may prove the defendant has previously been convicted of an offense meeting the requirements of § 22.01(b)(2)(A). *Id.*[4]

The 2012 judgment on which the State relied in this case does not contain an affirmative family violence finding. Instead, it contains a negative family violence finding. The judgment, entered in cause number MA1233579N in County Criminal Court 11 of Dallas County, and dated March 20, 2012, for an offense committed November 11, 2011, reflects appellant's conviction for misdemeanor "assault FV," and his placement on community supervision. The judgment form contains a line reading, "Affirmative finding of family violence, if applicable: Yes / No." The word "No" is circled.[5]

Appellant contends the negative family violence finding has the effect of disqualifying the 2012 assault conviction for use under section 22.01(b)(2)(A).[6] We disagree.

---

[4] *Accord, Mitchell v. State,* 102 S.W.3d 772, 775 (Tex. App.—Austin 2003, pet. ref'd); *Goodwin v. State,* 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no pet.); *State v. Cagle,* 77 S.W.3d 344, 348 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Extrinsic evidence relating to the prior conviction may include the testimony of the victim of the prior offense. *See, e.g., Mitchell,* 102 S.W.3d at 775; *Goodwin,* 91 S.W.3d at 920.

[5] The State's evidence in this case also included a judgment of the same Dallas County court, also dated March 20, 2012, in cause number MA1233578N, showing appellant's conviction of the misdemeanor offense of interference with emergency request for assistance. TEX. PENAL CODE ANN. § 42.062 (West 2013). The judgment states that offense, like the family violence assault in number MA1233579N, was committed November 11, 2011. This judgment contains an affirmative family violence finding, with the word "Yes" circled.

[6] Arguing the evidence was sufficient to establish the 2011 assault constituted a family violence offense despite the absence of an affirmative family violence finding, the State relies in part on the description of the offense in the 2012 judgment, which states

Addressing appellant's contention, we focus on the literal text of the statutory provision, presuming the Legislature meant what it said. *Anzaldua v. State*, No. 07-11-00253-CR, 2012 Tex. App. LEXIS 3876, at *8-9 (Tex. App.—Amarillo May 16, 2012, pet. ref'd) (mem. op., not designated for publication) (construing Penal Code section 22.01(b)(2), *citing Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010) and *Hardy v. State*, 281 S.W.3d 414, 422 (Tex. Crim. App. 2009)).

In that regard, we first note that section 22.01(b)(2)(A) does not say it applies to prior convictions for which affirmative findings of family violence under article 42.013 were made.[7] Instead, by the plain language of section 22.01(b)(2)(A), it may be satisfied by proof of the defendant's prior conviction of an offense listed in that section, committed against a person whose relationship or association with the defendant is described by Family Code section 71.0021(b), 71.003 or 71.005. Section 22.01(b)(2)(A)

the "offense convicted of" as "assault FV as charged in the information." We considered the effect of such judgment language in *Cade v. State*, No. 07-02-0409-CR, 2003 Tex. App. LEXIS 4862 (Tex. App.—Amarillo June 10, 2003, no pet.) (mem. op., not designated for publication). We there concluded that article 42.013 requires a "separate and specific affirmative finding entered in addition to the recitation of the offense" and that the affirmative finding requirement is not met merely by the judgment's statement of the offense "followed by the phrase 'domestic violence.'" *Id.* at *5 (*citing Eakins*, 71 S.W.3d at 444 n.1); *accord, Othman v. State*, No. 14-09-00444-CR, 2010 Tex. App. LEXIS 5746, *4-*5 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet.) (mem op., not designated for publication). Consistent with our holding in *Cade*, we find the "assault FV" offense description in the judgment is not the equivalent of the affirmative finding required by article 42.013.

[7] Interestingly, the Legislature used just such language in a statute adopted this last session. *See* TEXAS FAMILY CODE ANN. § 81.0015 (West Supp. 2015) (regarding entitlement to a protective order, providing presumption that family violence has occurred and is likely to occur in the future if, among other requirements, the respondent has been convicted of a specified offense "for which the court has made an affirmative finding that the offense involved family violence under Article 42.013, Code of Criminal Procedure") (added by Acts 2015, 84th Leg., ch. 1241 (H.B.1782), § 1, eff. Sept. 1, 2015).

does not mention article 42.013, Family Code section 71.004, or the phrase "family violence."

Here, it is undisputed that the "assault FV" offense of which appellant was convicted in 2012 was an offense under Penal Code chapter 22. It is undisputed Dickerson was a member of appellant's household, as defined in Family Code section 71.0021(b), at the time of that assault.[8] Section 22.01(b)(2)(A) requires no more.[9]

---

[8] As noted, Dickerson testified at trial of appellant's current offense. She testified she also was the victim of appellant's November 2011 Dallas County offenses, that he was the person who assaulted her on that occasion, and that she was living with appellant at that time.

[9] The court in *Eakins*, 71 S.W.3d at 445, noted that its holding permitting the admission of extrinsic evidence to prove that an earlier conviction met the requirements of section 22.01(b)(2) was not a collateral attack on the earlier judgment because the State was not seeking to attack the validity of the earlier judgment or seeking to offer proof contrary to a recital contained in the judgment.

The Dallas County trial court's "no" finding on family violence is not incompatible with appellant's guilt of the offense as charged in the information. It alleged he "intentionally and knowingly and recklessly" caused bodily injury to Dickerson by striking her head with his hand and head, that he had a dating relationship with her, and was a member of her family and household. The Dallas County court could have made an affirmative family violence finding if it concluded appellant had committed an act that was intended to result in physical harm, bodily injury, assault or sexual assault, or was a threat of such, but was not a defensive measure. *See* TEX. FAM. CODE ANN. § 71.004. Such a conclusion was not necessary to appellant's guilt of the offense as charged in the information, however, because his guilt could be supported by the conduct of causing Dickerson bodily injury with a knowing or reckless culpable mental state. *See Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015) (the gravamen of assault with bodily injury is injury, a result of conduct).

We note, however, that the record before us also includes the terms and conditions of community supervision imposed after appellant's 2012 conviction. Those terms and conditions included the requirements that appellant participate in a Batterers Intervention Prevention Program, pay a fee to a family violence shelter, and have no contact with Dickerson. These terms are applicable only in cases involving family violence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 11(h), 14(c) (West 2015). We find the disposition of this case to be directed by the literal language of section 22.01(b)(2)(A), not by a determination whether that disposition might, or might not, be

7

Finding the evidence sufficient to show appellant's prior conviction of an offense meeting the requirements of section 22.01(b)(2)(A),[10] we overrule appellant's first issue.

Withdrawal of Plea Offer

By appellant's second point of error, he argues the State engaged in "vindictive prosecution" by withdrawing a plea bargain offer of two years imprisonment. The prosecutor stated in open court that "we'll make that offer available until October the 10th." It withdrew the offer before that date.

On the morning of trial, the court heard appellant's motion to quash the indictment because of the State's vindictive prosecution. During that hearing, the State told the court it extended the two-year plea offer to appellant after Dickerson filed an affidavit of non-prosecution. It further told the court the district attorney's investigator then spoke with Dickerson and determined that she did not want to testify, but would do so and do so truthfully. After that conversation, the State decided to withdraw the two-year plea offer. The State sent counsel a letter withdrawing the offer of two years, also noting appellant's significant criminal history, and making a new offer of fifteen years of imprisonment in exchange for appellant's plea of guilty. The clerk's record indicates the

said to constitute a collateral attack on the Dallas County court's "no" family violence finding.

[10] *See Crawford v. State,* No. 12-05-00293-CR, 2006 Tex. App. LEXIS 6520, at *9-10 (Tex. App.—Tyler July 26, 2006, no pet.) (mem. op., not designated for publication). *See also Vaughn v. State,* No. 06-06-00040-CR, 2007 Tex. App. LEXIS 3608 (Tex. App.—Texarkana May 11, 2007, no pet.) (mem. op., not designated for publication) (discussing sufficiency of evidence to prove enhanced assault with bodily injury).

8

State's letter was sent on October 1. On that same day, appellant sent a letter to his counsel accepting the State's offer of two years of imprisonment. Counsel received both the State's letter and appellant's letter on October 4. On October 7, counsel for appellant sent a letter to the prosecutor indicating appellant's acceptance of the plea bargain offer of two years.

After hearing additional argument from the parties, the trial court concluded that the plea process had not "gone far enough for me to impose anything on one side or the other" and denied appellant's motion. Appellant contends the trial court erred in denying his motion.

At its core, a plea bargain is a contract between the State and the defendant. *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001); *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App.1996); *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). Because a plea-bargain agreement is solely between the State and the defendant, only those parties may alter the terms of the agreement. *Id.* As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the court. *Id.*

Appellant's argument seems to treat the State's commitment to hold the two-year offer open until October 10 as though it were itself part of a plea agreement. To be binding, however, a plea agreement must be accepted by the court. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Although the commitment was stated in open court, no one contends it was accepted by the court. The commitment to hold the plea offer open until October 10 cannot be seen as a binding plea agreement. *See*

9

*Moore v. State,* 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (a plea agreement is a contract between the parties and is binding on the parties only after the trial court accepts it).

We also see no error in the trial court's implicit rejection of appellant's contention that the withdrawal of the offer before the deadline demonstrated prosecutorial vindictiveness. The decision whether prosecutorial vindictiveness exists must be decided on a case by case basis, based on each individual record. *Lopez v. State,* 928 S.W.2d 528, 533 (Tex. Crim. App. 1996). Prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State,* 150 S.W.3d 169, 173 (Tex. Crim. App. 2004).

A defendant establishes a claim for actual vindictiveness in prosecution by offering direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Neal,* 150 S.W.3d at 173. Under the explanation the State gave for withdrawing its plea offer, its decision, made in a pretrial setting, was based on the re-commitment of the complainant to testify truthfully. If the trial court accepted the State's explanation for its decision to withdraw the plea offer, as it was free to do, no vindictiveness was shown.[11] The trial court did not err by denying appellant's motion to quash the indictment for vindictive prosecution. We resolve appellant's second issue against him.

---

[11] *See also Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) (addressing due process violation with regard to plea bargain).

10

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.

FILE COPY

No. 07-13-00399-CR

| | | |
|---|---|---|
| Anthony Bernard Wingfield<br>   Appellant | § | From the 46th District Court<br>   of Wilbarger County |
| | § | |
| v. | | November 24, 2015 |
| | § | |
| The State of Texas<br>   Appellee | § | Opinion by Justice Campbell |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated November 24, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o